A general assignment, by an insolvent debtor, of his property to a trustee for the payment of his debts, is not void on account of its providing for the payment of an irregular and usurious judgment, giving it priority over other debts, if it be in other respects free from objection.

It is not a fraud upon other creditors for a debtor to pay or provide for the payment of a usurious debt.

An irregularity in the entering of judgment can only be taken advantage of by a party to the judgment.

In such case, if the judgment were held void, the indebtedness would remain, which, in the absence of actual fraud, would uphold the assignment.

Whether a confession of judgment, stating the amount, and that it "is for a debt justly due to the plaintiff on a promissory note given by the defendant to said plaintiff," stating date and amount, is sufficient under § 383 of the Code of Procedure, *Quere?*

THIS action is in the nature of a creditor's bill, and is brought for relief against an assignment made December 11, 1850, by defendant Judson to defendant Sands, in trust for the payment of debts. The complaint states that on the 10th of February, 1851, the plaintiff obtained a judgment in the supreme court against E. Judson and others, for $918.50, on which an execution was issued and returned unsatisfied; and another judgment in the same court on the 24th of February, 1851, against the said defendant E. Judson and others, for $582.94, on which an execution was also issued and returned unsatisfied. It alleged that on the 11th of December, 1850, Judson assigned all his property, real and personal, to Sands, in trust for the payment of his debts, according to a certain order of preference; that in the said assignment he gave the first preference to Asa Sheldon, whose debt is stated to be upon a judgment rendered October 29, 1850, in the supreme court, on which is due about $1854. It is alleged in the complaint that the debt for which the judgment was confessed is usurious. It is also claimed that the confession was void, because no sufficient

specification or statement in writing of the consideration was made, as required by § 383 of the Code.

The form of the confession was as follows:

SUPREME COURT—*Chenango County.*

| Asa Sheldon |
| *agt.* |
| Everitt Judson. |

Judgment is hereby confessed in this action, for the sum of eighteen hundred dollars and twenty-seven cents. This confession is for a debt justly due to the plaintiff, arising upon the following facts, to wit: on a promissory note given by said Everitt Judson to said Asa Sheldon, for $1800.27.

EVERITT JUDSON.

Dated October 29th, 1850.

—with the usual form of verification.

It is averred that the property assigned exceeds in value the plaintiff's judgments, and is now in the hands of the assignee, Sands, and the prayer is that so much thereof may be applied to the plaintiff's debts as will satisfy the same; and for other relief. An answer was put in, and the cause was tried by Justice MASON, without a jury. The usury of $50 was proved. The court dismissed the complaint on the ground that the plaintiff could not avoid the judgment given to the defendant on the ground of usury. This judgment was affirmed on appeal to the general term, and the plaintiff appealed to this court.

*Merritt & Hyde* for the appellant.

I. The assignment by Judson to Sands is void, by the statute against usury. (2 *R. S.*, 3d ed., 56. 58.) The plaintiff being a judgment creditor of the assignor, is not a mere stranger to the usurious conveyance; nor is his the position of a purchaser of an equity of redemption, taking a limited estate in the property affected; he stands in full legal privity with the debtor. (*Dix* v. *Van Wyck*, 2 *Hill*, 522; *Jackson* v.

*Dominick,* 14 *John.*, 435; *Lloyd* v. *Scott,* 4 *Peters,* 205; *Morris* v. *Floyd,* 5 *Barb.*, 130; *Cole* v. *Savage,* 10 *Paige,* 583.) It should also be observed, in order to distinguish this case from *Pratt* v. *Adams* (7 *Paige,* 614), and *Green* v. *Morse* (4 *Barb.*, 232), that the plaintiff is not claiming under the assignment, but adversely to it. He is assailing it, and not enforcing it. He does not seek to effectuate a right derived from the terms of the assignment, but, after judgment and execution, seeks to reach the property of the debtor, upon which he has a specific lien, in opposition to the assignment, and is therefore in a position properly to raise any question affecting its validity. Coming to our rights by judicial proceedings is the same as though we had purchased unconditionally; and in that case, the appellant could have resisted. (*Shufelt* v. *Shufelt,* 9 *Paige,* 137.) Within the terms of the statute, the assignment in question, being affected with usury, is void, and vests no title to the property in the assignee. We contend that it is not shielded from the sweeping provisions of the statute by any of the legal rules recognized by the courts in cases of this nature. It is unquestionably true, as stated in the opinion of Justice MASON in this case, that the debtor may waive the defence of usury. He does so when he suffers the usurious security to be enforced, without interposing the defence; when he pays the usurious debt; when he performs the usurious contract; when, in consideration that all securities for the original usurious debt can be cancelled, he promises to repay the money actually loaned; when, subsequently to the usurious loan, the borrower gives a new security to an innocent third party, being a creditor of the lender. It is believed that the decisions designate but three predicaments in which the debtor is deprived of this defence: 1st. Where he has executed the usurious agreement; 2d. Where he has purged it of the usurious taint; 3d. Where, by his own act, subsequently to the usurious transaction, an innocent third party has become so connected with it as to render the

defence inequitable with respect to such third party. Does the assignment in question place the assignor (and of course his privies) in either of these predicaments? 1. The assignment does not pay the usurious debt. The case might be different, if the assignee had paid. But he has not paid. There is, therefore, no extinguishment of the debt. Nothing has been canceled, and the debt is to-day the subject of an action. An absolute conveyance of property by Judson to Sheldon, which the latter agreed to receive in cancellation of the debt, might well have been considered a payment; a performance of the usurious contract; as though money had been paid. But nothing was done by Judson, except to appoint a trustee to pay his debt. (*Schroeppel* v. *Corning*, 5 *Denio*, 236.) The case of *Denn* v. *Dodds* (1 *John. Ca.*, 158) was decided in 1799, under § 1 of the statute of 1787, which differs materially from the corresponding provision of our present statute.

ACT OF 1787.

\*   \*   \*   That all bonds, bills, notes, contracts and assurances whatsover, and all deposits of goods, or other things whatsoever, for payment of any principal or money to be lent, or covenanted or agreed to be paid, upon or for any usury, whereupon or whereby there shall be reserved or taken or secured, or agreed to be reserved or taken, above the sum of seven pounds in the hundred, as aforesaid, shall be utterly void.

2 R. S., 3D ED., PAGE 56.

§ 5. All bonds, bills, notes, assurances, conveyances; all other contracts or securities whatsoever (except bottomry and respondentia bonds and contracts), and all deposits of goods or other things whatsoever, whereupon or whereby there shall be reserved or taken, or secured, or agreed to be reserved or taken, any greater sum or greater value for the loan or forbearance of any money, goods or other things in action, than is above prescribed, shall be void.

Murray *against* Judson and Sands.

The plaintiff brought ejectment. The defendant, to show title out of the lessor of plaintiff, produced a deed from the lessor to a trustee, in trust, to pay certain *bona fide* debts and certain usurious mortgages upon the premises in question. The trust had been executed. The doctrine to be deduced from the case is, that in ejectment an absolute deed, *inter alios*, shall not be attacked on the ground of usury. There have been numerous more recent reported cases, in which absolute trust deeds have been avoided for usury. (*Dunbar* v. *Long*, 4 *Hen. & Munf.*, 212; *Clark* v. *Garland*, 1 *Leigh*, 453; *Martin* v. *Lindsey*, *id.*, 499; *Blyd. on Usury*, 290, 291, 292.) *Denn* v. *Dodds* is cited in *Dix* v. *Van Wyck*, above referred to, as establishing that "if the debtor make a conveyance of his land to the creditor, in satisfaction of a usurious debt, the deed cannot be avoided for usury," in connection with *Pratt* v. *Adams* (7 *Paige*, 615), where the doctrine now contended for has the sanction of a significant query of the chancellor. In *Green* v. *Morse* (4 *Barb.*, 332), Judge GRIDLEY, in effect, concedes it, and decides that case upon another point. Upon principle, we submit, the question is seemingly without difficulty. By the assignment, the *cestui que trust* does not become the owner of the property. To him, it is but a provision for the payment of his debt—a further security. If made simultaneously with the usurious loan, would not this security have been void? or is an assignment of this nature the instrument by which repayment of a usurious loan may be effectually secured? But the case of *Morse* v. *Crofoot* (4 *Com. R.*, 114) is seemingly conclusive upon this point. · That the security is remote or substituted, does not render it valid. It is merely a further agreement, based upon the same usurious consideration, and designed to carry the void contract into effect. (2 *Starkie*, 237; 9 *Cow.*, 647; 7 *Pick.*, 40; 12 *id.*, 126; 5 *Conn.*, 154; 2 *id.*, 284; 6 *Wend.*, 415; 1 *Greenleaf*, 167.) 2. The assignment does not purge the original indebtedness of the usurious taint. (*Hammond* v. *Hopping*,

13 *Wend.*, 505; *Miller* v. *Hall*, 4 *Denio*, 104.) 3. The assignee is no new party, innocently connected with the usurious transaction. He is but the agent of the assignor. Equity towards him does not require that his powers be deemed irrevocable. Neither the assignee nor any other party, innocent or otherwise, has parted with any rights on the faith of the assignment.

II. The assignment is void as against the plaintiff and other *bona fide* creditors of Judson. Assignments of this nature are not favored. In conflict with a familiar legal maxim, *vigilantibus non dormientibus, &c.*, and the express provisions of the statute, they were seemingly originated and upheld by the chancery rule that " equality is equity." The allowing of preferences rests only upon precedent, unsanctioned by any principle of law, equity or morality. In all cases, however, it is exacted that: 1st. The assignor be insolvent or embarrassed; 2d. The act be free from fraudulent design ; and 3d. There be an unconditional surrender of all the property of the debtor, for the payment of just debts. (18 *Wend.*, 357, 358 ; 2 *R. S.*, *3d ed.*, 79, § 24, *and note of revisers;* 3 *R. S.*, *2d ed.*, 618, § 24 ; 11 *Wend.*, 187, 216, 217, 219 ; 2 *Barb.*, 9 ; 2 *Comst.*, 371 ; 10 *Paige*, 229, 230.) 1. The pretended debt to Sheldon, the first and largest in the schedule of preferences, is a usurious and void debt. Void things are no things; and this, by statute, is no debt. True, were it not for persons who have a right to question it, Judson might recognize it, and direct its payment. So he might bestow his property where not even void debts existed. Judson owed Sheldon nothing; was never legally or morally bound to pay the $1850, nor any part of it. To have done so, at any time, would have been grossly unjust towards his *bona fide* creditors. The *fides* of the transaction is not aided by the consideration that when the property was in the debtor's hands he might have paid it, and, having done so, could have recovered back only the usurious premium. His generosity towards Shel-

don would have worked injustice towards just creditors. The plaintiff's demand accrued from endorsements, to relieve Judson's embarrassments. Sheldon's demand was created in violation of law; could never have been enforced; was never entitled to be paid. Judson's denial of any fraudulent design in the preference does not affect the question. The act is a practical fraud and hindrance (2 *Barb.*, 9); and it is submitted that the doctrine of that case is responsive to the suggestion of Mr. Justice MASON, that " when in the case of an insolvent debtor, the usury secured should be so enormously large as to furnish evidence of an intent to defraud creditors, it should be set aside for that reason." (*Green* v. *Morse*, 4 *Barb.*, 332, 343; *Pratt* v. *Adams*, 7 *Paige*, 641, 642.) His personal representatives, in case of his death, could have defeated it, as could, also, his heirs; and so can one who stands in legal privity with him, by judicial proceeding. 2. The preferred judgment in favor of Sheldon is void, not having been confessed and entered up conformably to §§ 382, 383, 384 of the Code. It is required that not only the amount due be stated, but the facts out of which the indebtedness arose must be concisely stated. It is untrue that indebtedness arises out of a promissory note, which is itself but the evidence of indebtedness. The creditor, the beneficiary of the provision, is not enlightened by this statement, for it furnishes no more than a naked acknowledgment of the indebtedness. This was done by the bond, under the former system. If this be sufficient, it will only be necessary to execute a note in every case, in place of an observance of the statute. (*Plummer* v. *Plummer*, 7 *Howard Pr. R.*, 62.) Is this an irregularity of which the debtor alone can complain? It appears to have been held in *Griffin* v. *Mitchell* (2 *Cow.*, 548) that the creditor was the only person who could take advantage of the defect. (*Lawless* v. *Hackett*, 16 *John.*, 149; 5 *John. Ch. R.*, 325.) We contend that, under the Code, a judgment by confession, entered up otherwise than as therein

provided, is a nullity; and if this view be correct, the assignment prefers a judgment which has no existence.

*Henry R. Mygatt* for the respondents.

I. The assignment by Judson to Sands is not void by reason of usury. The defence of usury is a personal defence and cannot be set up by a stranger to the original transaction. (*Morris* v. *Floyd*, 5 *Barb.*, 133.) As the assignment specifically provides for the payment of the Sheldon judgment, there is no doubt as to the right of Sheldon to be protected to the amount actually loaned, notwithstanding there may have been usury in the chattel mortgage. (*Rexford et al.* v. *Widger et al.*, 2 *Comst.*, 131; *Pratt* v. *Adams*, 7 *Paige*, 641; 1 *Comst.*, 281, *per* BRONSON, J.) The case of *Greene* v. *Morse* (4 *Barb.*, 332) was the case of an assignment, and the court adjudged that the defence of usury cannot be set up by the assignee, or by any one except the party to the usury. If a debtor make a conveyance of his property to a creditor in good faith, in satisfaction of an usurious debt, the conveyance cannot be avoided. (*Denn* v. *Dodds*, 1 *Johns. Ca.*, 158; *Pratt* v. *Adams*, 7 *Paige*, 615; *Dix* v. *Van Wyck*, 2 *Hill*, 524.) The court for the correction of errors confined the defence of usury to those persons only who are bound by the original contract to pay the sum borrowed. (*Post* v. *Bank of Utica*, 7 *Hill*, 391.) The court of appeals, in the case of *Rexford et al.* v. *Widger* (2 *Comst.*, 131), concur in the case of *Post* v. *Bank of Utica*. In *Green* v. *Kemp* (13 *Mass.*, 515), it is decided that the purchaser of the equity of redemption cannot avoid the mortgage by proof of usury. In *Bridge et al.* v. *Hubbard* (15 *Mass.*, 103): "It ought not to be in the power of this new debtor to avail himself of the defence which the original debtor had waived. It is, in this respect, not unlike the case of a mortgage on which usurious interest is reserved. If the mortgagor in such a case conveys the land to a third

person, subject to the mortgage, the grantee of this right of redemption cannot question the right of the mortgagee." The assignment under consideration was made the 11th day of December, 1850, and the judgment of the appellant was not rendered until the 10th day of February thereafter The cases of *Reading* v. *Weston* (7 *Conn.*, 413), and *De Wolf* v. *Johnson* (10 *Wheaton*, 367), establish that usury is a personal defence and cannot be set up by a stranger to the original transaction. In the case last cited the court say: "It is perfectly established, that the plea of usury, at least as far as to landed security, is personal and peculiar; and however a third person, having an interest in the land, may be affected incidentally by a usurious contract, he cannot take advantage of the usury." In the case of *The Mechanics' Bank* v. *Edwards* (1 *Barb.*, 278), Justice EDMONDS cites the aforesaid cases of *Reading* v. *Weston*, and *De Wolf* v. *Johnson*, and decides that "usury is a personal defence, and cannot be set up by a stranger to the original transaction." The case of *Sands* v. *Church* (2 *Seld.*, 347), decides that where mortgaged premises are conveyed subject to a mortgage, the grantee cannot, in a suit to foreclose the mortgage, set up a defence of usury as between mortgagor and mortgagee, the mortgagor having suffered judgment thereon to be taken against him. The benefit of the objection of usury can only be taken by a party to the transaction. (*Cro. Eliz.*, 44ᴇ.)

II. This appellant is not entitled to the assistance of this court to set aside this judgment in assignment, except on terms of repaying what was really advanced with legal interest, and that is the whole amount of the judgment. Lord ELDON thus states the rule: "At law you must make out the charge of usury; and in equity, you cannot come for relief without offering to pay what is really due, and must either prove the usury by legal evidence or have the confession of the party." (*Ex parte Scrivener*, 3 *Ves. & Bea.*, 19.) If a judgment has been obtained at law, the court,

on reference to the master to see what has been actually advanced, will order the judgment to stand for what is found due, and legal interest. (*Scott* v. *Nesbit*, 2 *Brown Ch. Rep.* 642.) Where a party comes to chancery to avoid an usurious contract, he must consent to pay the sum actually loaned, and interest, or the court will not grant him any relief. (*Fulton Bank* v. *Beach*, 1 *Paige*, 429 ; *affirmed in Error*, 3 *Wend.*, 373, 1 *Paige*, 544.) *Nisbet* v. *Walker* (4 *Ga. R.*, 221) was the case of a judgment creditor upon an usurious contract, who brought his bill in equity to have his debt satisfied out of money in the hands of assignees arising from a sale of the insolvent's property ; *held*, that if usury was proved, the judgment should stand against the trust fund for the principal and legal interest due on the original loan.

III. The judgment is not void because it is informally confessed. (5 *How.*, 381; *Mann* v. *Burtis*, 7 *id.*, 449; *Whitney* v. *Kenyon*, *id.*, 458.) The case of *Lawless* v. *Hackett* (16 *John.*, 149) illustrates the importance of a full specification of the consideration of the judgment. But the assignor supposed it legal and adopts the same. The same may be voidable, but until set aside is valid. Chancery has no jurisdiction to restrain judgments which are merely irregular and not void. (*Shottenkirk* v. *Wheeler*, 3 *John. Ch. R.*, 275.) It is not the judgment only that in effect is preferred, but the indebtedness on which the judgment is founded ; and the debtor by the assignment adopts the judgment as valid.

IV. The complaint seeks to avoid the assignment, only by reason of the Sheldon judgment preferred; and yet Sheldon is not a party to the action. The court cannot adjudge Sheldon's rights until he can be heard. It may be a general rule that the assignee defendant is the representative of creditors, but this case which strikes at the judgment of Sheldon only, to avoid the assigment, forms an exception to the general rule. It is Sheldon only who is beneficially interested in the subject matter of the suit, and justice would hardly be administered if his judgment be vacated in

a suit in which he is not a party. Even if he were a party, the points above furnish a full answer to the action.

GARDINER, J.  A debtor is not required to avail himself of the statutes against usury, to avoid the payment of a debt otherwise justly due, any more than of the statute of limitations ; and the omission to do either is not in itself the slightest evidence of an intent to defraud his creditors. It is rather evidence of a determination not to commit a fraud upon the lender for their benefit. This view disposes of the case. When the assignment was executed the debtor had the right, as against the complainant, in good faith, to dispose of his property as he pleased. (*Candee* v. *Lord*, 2 *Comst.*, 269.) He could have paid the usurious judgment. This is conceded ; and if so, no good reason can be assigned why he could not appropriate property for that purpose, and direct its application by a trustee. The assignment was not a contract with the holder of the judgment, or a mere security for that debt, but the setting apart of property for the payment of a specified demand in the order designated. This is virtually assumed by the plaintiff, by insisting that the judgment creditor is not a necessary party to the suit.

The trust when created was irrevocable. Neither the debtor, the trustee nor the *cestui que trust*, claiming as such, could avoid it. So much was determined in *Pratt* v. *Adams* (7 *Paige*, 615, 639, 640, 641).

Now if the assignment itself was usurious on the ground that it provided for the payment of a usurious debt, as the plaintiff insists, it would be singular if the borrower (who in this case was the assignor), for whose protection the statute against usury was enacted, could not avail himself of its provisions, not only to resist the payment of the judgment, but as a ground of resuming the trust fund appropriated for its discharge,

In a word, the contracts and securities avoided by the statute are those arising from some agreement direct or indirect with the usurer or those standing in his place. They do not include trusts or other appropriations of property made by the debtor without the agency of the creditor, subsequent to and independent of the usurious contract, as a means of satisfying the debt after it has been incurred.

It must be remembered that we are not asked to determine whether a provision for a usurious debt may not in certain cases be evidence more or less cogent of a fraudulent intent on the part of the debtor, but whether the law will permit a trust for that purpose, to any extent, under any circumstances.

There is no force in the objection that the judgment was not confessed with all the formalities required by the Code. Should it be admitted that it was void as a judgment, the debt arising from the loan of money existed, and was a good consideration for the assignment. (7 *Paige*, 639.) The plaintiff has lost nothing by the irregularity, and has no right to complain that by the assignment he has been deprived of an opportunity to take advantage of a technical defect in the rendition of the judgment, which the parties thereto have properly disregarded.

I think the judgment should be affirmed.

WILLARD, J. I. The judgment in favor of Sheldon, which is the preferred debt in the assignment, was regularly confessed according to § 383 of the Code. See *Munn* v. *Brooks* (7 *How. Pr. R.*, 449), decided by Justice CADY, in point, and see also *Park* v. *Church* (5 *How. Pr. R.*, 381).

II. The defence of usury is a personal defence, and was waived by the judgment debtor when he made the assignment and gave the preference. He had the same right to give the preference as he had to pay the debt, and the same consequences follow, so far as the plaintiff is concerned,

as if he had paid it.   The plaintiff is a mere stranger to the judgment of Sheldon against Judson, and cannot insist upon its invalidity on the ground of usury. (*Post* v. *Dart*, 8 *Paige*, 639 ; *Shufelt* v. *Shufelt*, 9 *Paige*, 137 ; *Dix* v. *Van Wyck*, 2 *Hill*, 522.)   The plaintiff in this case, who is a junior judgment creditor of Judson, does not stand in legal privity with him, so as to enable him to avoid the prior usurious judgment in favor of Sheldon.   Even had he become the purchaser of the real estate of Judson under his own execution, he could not have maintained an action to set aside Sheldon's judgment for usury, without offering to pay the amount actually due.   None but the borrower is excused by the statute from complying with that principle of equity, before invoking the aid of the court.   This was so held by the court of errors in *Post* v. *The Bank of Utica* (7 *Hill*, 391), approved 2 *Comst.*, 131.

The judgment should be affirmed.

MASON, J., orally dissented from the position taken by WILLARD, J., that the judgment was regular; being of the opinion that the Code required a more specific statement of the consideration in a confession of judgment.

All the judges concurring in the positions assumed in the opinion of GARDINER, J.,

Judgment affirmed.