NICOLAS CHAPUIS, Appellant, *v.* MAY A. MATHOT, Respondent, Impleaded with VICTOR FRANCEZ and Others, Defendants.

*Usury — the facts must be pleaded — corrupt intent essential to — the defense is personal to borrowers and those in privity with them — a judgment creditor is in privity — acquiescence in a usurious transaction is a waiver by the borrower — it concludes his judgment creditor.*

In an action based upon usury all the facts which are thought to constitute the alleged usurious character of the agreement should be stated in the complaint, so that the court can determine from the pleading whether the contract comes under the condemnation of the law. A statement that a mortgage was given to secure a usurious contract to pay interest at a greater rate than six per cent per annum for the use of money loaned is insufficient, and a demurrer inter-

posed to such allegations of a complaint will be sustained. It is the intent to exact upon the one hand, and to pay on the other, more than the legal rate of interest that taints the contract, and the pleading should show all the facts constituting an actual corrupt agreement, or those from which a corrupt agreement may be inferred.

The right to set up usury is personal, and the usurious contract is only avoidable by the borrower, and those in privity with or claiming under him.

The right to set up usury may be waived by the borrower, and such waiver will cut off the rights of those in privity with him, yet, where a person in legal privity with the borrower, as, for example, his judgment creditor, has acquired rights in or under an alleged usurious instrument, before the borrower has waived *its invalidity, the subsequent waiver of the borrower cannot have any* effect in divesting the judgment creditor of the rights which he has acquired.

Where, in the case of an alleged usurious mortgage payable on demand, the mortgagee, with the consent of the mortgagor, has taken possession of the mortgaged chattels before a creditor of the mortgagor recovers judgment against him, the acquiescence of the mortgagor in the act of the mortgagee is a waiver of any defense upon his part to the mortgage, and the rights of the mortgagee and lender become complete and unassailable.

APPEAL by the plaintiff, Nicolas Chapuis, from an interlocutory judgment of the Supreme Court in favor of the defendant May A. Mathot, entered in the office of the clerk of the county of New York on the 23d day of July, 1895, upon the decision of the court rendered after a trial at the New York Special Term sustaining said defendant's demurrer to the plaintiff's complaint, and also from an order entered in said clerk's office on the 23d day of July, 1895, sustaining such demurrer.

*Arthur Furber*, for the appellant.

*William L. Mathot*, for the respondent.

PATTERSON, J. :

The several matters discussed in the argument of this cause arise on appeal from an order sustaining a demurrer of the defendant May A. Mathot to the complaint herein and from an interlocutory judgment entered upon such order. The plaintiff sued as a judgment creditor of the defendant Victor Francez. The complaint alleges the recovery of judgment, the issuance of an execution and its return unsatisfied, and then states that the defendant Francez, in 1893, was the owner of and had in possession certain personal property, upon which he made a chattel mortgage (dated October 20,

1893) to the defendant May A. Mathot, whose name was inserted as mortgagee merely "as a cloak and cover" for her husband, Louis Mathot, he being the real party to the transaction in which the mortgage was given; that "said mortgage was given to secure a usurious contract theretofore made between said Louis Mathot and said Victor Francez, to wit, an agreement to pay to Louis Mathot interest at a greater rate than six per cent per annum, for the use of money loaned and advanced by said Mathot to said Francez (Victor), and that said Louis Mathot has received large sums of money in pursuance of said agreement in excess of interest thereon at the rate of six per cent per annum." It is further alleged in the complaint that Francez remained in possession of the property until January 9, 1895, when Louis Mathot took it and retained it until January 30, 1895, on which day he sold it through May A. Mathot to the defendant Tripault, who gave back as part consideration a chattel mortgage on the same property for $3,350, and that Tripault had full knowledge that neither Mr. nor Mrs. Mathot had any title to the property (presumably by reason of the alleged usury) as against the plaintiff, and judgment is demanded that the mortgage from Francez to Mrs. Mathot be adjudged void and be set aside so far as may be necessary to satisfy the plaintiff's judgment, and that it may be adjudged that Tripault holds the property for the plaintiff's benefit to the same extent; that a sale be directed and the proceeds first applied to the payment of the plaintiff's judgment and for further relief.

The case now before the court is between the demurrant and the plaintiff only. The learned judge at Special Term, in sustaining the demurrer, assigned two reasons for so doing: *First*, that the allegations of the complaint respecting the alleged usury (the existence of which is the only claimed foundation of any right of the plaintiff to relief) are altogether insufficient; and, *second*, that even had usury been properly pleaded the action could not be maintained. We concur in the view taken at the Special Term concerning the insufficiency of the averments of the complaint as to usury. All that is set forth is a naked statement that the original contract, pursuant to which the Francez mortgage was given to Mrs. Mathot, was as to the rate of interest usurious. The allegation is that there was "an agreement to pay to Louis Mathot interest at a greater rate

than six per cent per annum for the use of money loaned," which is nothing more than a mere conclusion, omitting, as it does, the very substantial element that there was a corrupt agreement to pay more than six per cent. All the facts thought to constitute the alleged usurious character of the agreement should have been stated so that the court might determine from the pleading whether the contract comes under the condemnation of the law. The mere taking of or contracting for a sum which happens to be more than six per cent for the loan or forbearance of money is not necessarily conclusive on the subject. Cases are frequent in which the excess over the legal rate of money paid as interest is the result of a mistaken calculation. It is the intent to exact on the one hand and to pay on the other, more than the allowed rate that taints the contract, and the pleading should show all the facts constituting an actual corrupt agreement or from which that corrupt agreement may be inferred. (*Manning* v. *Tyler*, 21 N. Y. 567.) It is not necessary to use the word "corrupt," nor even the word "usury," if the facts establishing those incidents of the transaction are set forth (*Miller* v. *Schuyler*, 20 N. Y. 522); but merely applying epithets or pleading a definition of usury does not constitute that "plain statement of facts" necessary to a sufficient pleading. The foregoing considerations would dispose of this appeal were it not that leave to amend the complaint on terms was granted in the order under review, notwithstanding the ruling of the learned judge that even under an amended complaint the plaintiff could not maintain the suit. If that ruling is correct it would be futile to change the structure of the pleading. That ruling has the full support of authority in the adjudications of the courts of this State.

The right to set up usury is altogether personal to the borrower and those in privity with or claiming under him, and the usurious contract is voidable at the election of the borrower or those in privity with him. The state of the law on the subject is summed up in *Williams* v. *Tilt* (36 N. Y. 319, 325). After referring to *Dix* v. *Van Wyck* (2 Hill, 522) and *Post* v. *Dart* (8 Paige, 639), in which it was held that a mere stranger cannot attack the validity of a usurious security, but that the defense of usury may be availed of by any one who claims under the security and who is in privity with the person who gave it, the court proceeds to say: "This is the

extent to which the cases have carried the right, *and even the right of privies may be cut off by the waiver of the original party.* (*Sands* v. *Church*, 2 Seld. 347.)   The contract is *not absoluely void,* but *only voidable,* at the election of the borrower or those who are privies in interest or in contract with him.   Hence no other party can make the objection."   This statement is fortified by a long list of authorities cited in the opinion.

But there is another line of cases invoked by counsel for the appellant in his general contention that the decision below was erroneous and to which it is necessary to advert.   It is argued that the judge at Special Term overlooked the fact that in contemplation of law the plaintiff is in privity with the mortgagor.   In *Dix* v. *Van Wyck* (*supra*) it was held that a judgment creditor stood in legal privity with a party who gave a usurious security and that where goods had been sold under execution and a mortgagee thereof brought replevin for them the defendant might set up usury as a defense, but it was also held that the usurious security might be ratified.   In *Mason* v. *Lord* (40 N. Y. 476, 486), at the suit of a judgment creditor, an assignment of a lease absolute on its face, but given as security for a usurious loan and in effect a mortgage, was set aside in the hands of a purchaser from the assignee with notice. But it distinctly appeared in that case that a judgment creditor of one Lord had a lien on the property and the court recognized the fact that Lord, the borrower, could have waived the invalidity of the security had he chosen to do so and thus have defeated the judgment creditor's suit.   It is said in the opinion : " It is claimed that Lord could waive the invalidity of the mortgage.   That is true as to his own rights and the rights of all acquired from him subsequent to such waiver.   But the lien of the judgment had attached before anything done by Lord that could possibly constitute a waiver." In the present case it does not appear at what date the plaintiff's execution was delivered to the sheriff so as to bind the goods of Francez, but it does appear that Mathot took possession of the mortgaged chattels under the mortgage some seventeen days before the plaintiff's judgment was recovered, and Francez's acquiescence in that proceeding was a clear waiver of any defense he might have had to the instrument.   The mortgage as it is recited in the complaint was pay-

able on demand.    On default it operated as a bill of sale, and posses-
sion was taken.    The rights of the Mathots, husband or wife, were
complete.    Francez had relinquished his right to contest the instru-
ment and none in favor of the plaintiff had intervened.    It is claimed
by the plaintiff that some recent decisions of the Court of Appeals
have an influence on the subject adverse to the views above
expressed, and we are referred with confidence to *Stephens* v.
*Perrine* (143 N. Y. 476), where it was held that a receiver in sup-
plementary proceedings might maintain an action against a mort-
gagee of chattels who had taken possession and sold under a mort-
gage void for failure to file it as required by statute.    That mort-
gage was absolutely void as the court held and it could not be
reinstated.    No question of usury, at all, was in the case, but the
action arose under another special statute and it has no analogy
with this.

The order and judgment appealed from should be affirmed, with
costs.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment and order affirmed, with costs.