UNION CREDIT & INVESTMENT CO. v. UNION STOCKYARD & MARKET CO.

(Supreme Court, Appellate Term.   February 28, 1905.)

1. CONTRACTS—USURY—EFFECT.
   A usurious contract is not void per se, but merely voidable at the option of the borrower or those in privity with him.
   [Ed. Note.—For cases in point, see vol. 47, Cent. Dig. Usury, §§ 149–152, 364.]

2. SAME—RIGHT TO PLEAD.
   Where a debtor assigned a claim against defendant for wages, to secure a usurious loan, his employer was not entitled to plead usury as a defense when sued by the assignee to recover the wages.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Union Credit & Investment Company against the Union Stockyard & Market Company.   From a Municipal Court judgment in favor of defendant, plaintiff appeals.   Reversed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Caesar Simis, for appellant.
Albert B. Quencer, for respondent.

SCOTT, J.   Assuming that the agreement between plaintiff and Coleman was a mere cloak for a usurious loan, I am at a loss to see how the defendant can avail itself of the defense.   In this state a usurious contract is not void per se, but merely voidable at the option of the borrower or those in privity with him.   Williams v. Tilt, 36 N. Y. 319; Chapuis v. Mathot, 91 Hun, 565, 36 N. Y. Supp. 835.   And, even as to privies, the right to set up a defense of usury may be cut off by the waiver of the original party.   In many cases, some of which are cited by respondent, persons having claims or liens subordinate to the usurious contract have been permitted to set up usury, but in every case they

have shown a direct interest in having the usurious transaction avoided. The defendant here has no such interest. It owes a certain amount of money by way of wages earned by Coleman. Whether this sum is paid to Coleman or to his assignee cannot interest or affect defendant in any way. For aught that appears, Coleman may be quite willing to waive the usury and allow the money to be paid. The case in Missouri upon which respondent much relies (Tolman v. Union Casualty & Surety Company, 90 Mo. App. 274) seems to turn on the phraseology of the Missouri statute which declares that a pledge or mortgage given to secure a usurious debt shall be invalid and illegal. The question of the right of the defendant to raise the defense of usury does not seem to have been raised or considered.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.