MORRIS LIPEDES, Appellant, *v.* THE LIVERPOOL AND LONDON AND GLOBE INSURANCE COMPANY, LTD., Respondent.

Fourth Department, July 2, 1918.

**Usury — insurance — fire insurance — effect of chattel mortgage, voidable for usury, upon validity of policy.**

A policy of fire insurance, which provides that it shall be void if the property insured be or become incumbered by a chattel mortgage, is rendered invalid where, before it was issued and without notice to the insurer or indorsement upon the policy, there was a chattel mortgage executed upon the property which was void for usury under section 373 of the General Business Law, but was recognized by the insurer to be in force and valid and hence voidable at the time the policy was issued, and the mortgagee did not assert his right to have the mortgage declared void until after a fire, and the question was not raised in the pleadings in an action on the policy and was only brought out on cross-examination of the plaintiff.

Although a contract tainted with usury is void when that defense is pleaded by the borrower or his personal representatives, the word " void " as used in section 373 of the General Business Law should be construed as *voidable.*

KRUSE, P. J., dissented, with memorandum.

APPEAL by the plaintiff, Morris Lipedes, from an order of the Supreme Court, made at the Onondaga Trial Term and entered in the office of the clerk of the county of Onondaga on the 5th day of April, 1918, granting defendant's motion for a nonsuit and dismissing the complaint at the close of the case upon a trial before the court and a jury.

Decision on the motion for a nonsuit was reserved by consent and the verdict of the jury was taken. The jury found

in plaintiff's favor. The plaintiff further appeals from the judgment entered in said clerk's office on the same day dismissing the complaint pursuant to said order.

*S. F. Hancock* [*Hancock, Spriggs & Hancock,* attorneys], for the appellant.

*Ernest I. Edgcomb* and *Harry S. Lee* [*Lee & Brewster,* attorneys], for the respondent.

HUBBS, J.:

This action was brought to recover for a loss on a New York standard fire insurance policy issued to the plaintiff by the defendant, which policy covered the plaintiff's personal property on a farm. It was stipulated upon the trial that the amount which the plaintiff was entitled to recover, if anything, was $2,482. The case was submitted to the jury which found for the plaintiff. A motion for a nonsuit was reserved by consent and was granted by the trial court after the close of the trial.

Various defenses were set up in the defendant's answer, but they all grow out of the fact that the plaintiff, before the policy was issued, placed a chattel mortgage upon the property covered by the policy.

It is undisputed that a chattel mortgage for $1,100 was given by the plaintiff upon the property in question before the policy was issued; that the defendant was not notified of its existence and no indorsement permitting such mortgage was indorsed upon the policy, as required by its terms. To meet this defense the plaintiff testified that the mortgagee loaned him $1,000 and required him to give a mortgage for $1,100. The trial court instructed the jury to determine whether or not the mortgage was void because of usury, and instructed them that, if they found that the mortgage was usurious, then that they could find in favor of the plaintiff provided they also found that the plaintiff had elected to treat it as invalid and void before the policy was issued.

As stated above, the jury found for the plaintiff and the trial court afterwards granted a nonsuit. Under the evidence, the jury was justified in finding that the mortgage was

usurious.   The trial justice, in a memorandum, said: "There was sufficient evidence to justify a finding that the mortgage was usurious, but not, in my judgment, to support a finding that the plaintiff had elected to treat the mortgage as void for usury before the issuance of the policy.   An election, to be valid as such, must be asserted by some positive and unequivocal act."

The trial justice was undoubtedly correct in the statement that there was not sufficient evidence to support a finding that the plaintiff had elected to treat the mortgage as void for usury before the policy was issued.   In fact, the evidence tends very strongly to establish the fact that the plaintiff had treated the mortgage as a valid, existing security.   The mortgage was dated and executed on September 8, 1915. Between that date and September 8, 1916, the plaintiff made various payments on the mortgage so that on the latter date there was unpaid thereon $850 and on September 14, 1916, the plaintiff gave a new mortgage for $850 for the balance unpaid upon some different property, so that there were then and at the time of the fire two mortgages in existence, both securing the same debt, however.   The policy in question was issued on November 14, 1916, and the fire occurred on December 14, 1916.

The sole question here is whether or not the fact that there was a chattel mortgage upon the property insured at the time the policy was issued makes the policy void and unenforcible, where notice of such mortgage was not given to the insurance company, even though such mortgage was usurious and might be avoided by the mortgagor if an action had been brought against him by the mortgagee.

The clause in the insurance policy affecting the question at issue reads as follows: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * if the subject of insurance be personal property and be or become encumbered by a chattel mortgage."

The plaintiff contends that the clause in question refers to a *valid* chattel mortgage and insists that the mortgage in question was not a valid mortgage but that it was void under the usury statute and was, therefore, not a mortgage at all

but the same as a blank piece of paper with no validity, force or effect, and that its existence did not affect the validity of the policy.

Section 373 of the General Business Law (Consol. Laws, chap. 20; Laws of 1909, chap. 25) reads as follows:

" Usurious contracts void. All bonds, bills, notes, assurances, conveyances, all other contracts or securities whatsoever, except bottomry and respondentia bonds and contracts, and all deposits of goods or other things whatsoever, whereupon or whereby there shall be reserved or taken, or secured or agreed to be reserved or taken, any greater sum, or greater value, for the loan or forbearance of any money, goods or other things in action, than is above prescribed, shall be void.

" Whenever it shall satisfactorily appear by the admissions of the defendant, or by proof, that any bond, bill, note, assurance, pledge, conveyance, contract, security or any evidence of debt, has been taken or received in violation of the foregoing provisions, the court shall declare the same to be void, and enjoin any prosecution thereon, and order the same to be surrendered and canceled."

This provision of the statute is substantially the same as it stood in 1838. (*Curtiss* v. *Teller,* 157 App. Div. 815, 816; affd., 217 N. Y. 649.)

During the intervening years the courts have repeatedly held that any instrument named in the statute was void if usury was given, provided the defense was properly insisted on by the person who gave the usury or his privies to the contract, sureties, devisees or personal representatives.

During the same period it has also been consistently held that the defense of usury, to be available to the person giving usury or his representatives as above stated, must be pleaded. It has never been held that a plaintiff could not recover upon an instrument tainted with usury, even if the evidence disclosed such fact, in cases where such defense was not set up in the answer. (*Laux* v. *Gildersleeve,* 23 App. Div. 352; *Chapuis* v. *Mathot,* 91 Hun, 565; affd., 155 N. Y. 641, on opinion below.)

It must also be pleaded " with such precision and certainty as to make out, on the face of the pleading, that a corrupt

and usurious contract has been entered into." (*National Bank v. Lewis*, 75 N. Y. 519.)

It has also been held that a usurious agreement could not be questioned by any third person; that as to such persons the contract was not void and could not be avoided. Thus, in *Murray v. Judson* (9 N. Y. 73) the plaintiff obtained a judgment against Judson upon which an execution was returned unsatisfied. Thereafter Judson assigned all of his property to Sands in trust for the payment of his debts and in the assignment he gave a preference to Sheldon for $1,854 for a debt which had been reduced to judgment and which was usurious. The court held that the validity of Sheldon's claim and the preference in the assignment to Sheldon could not be attacked by the plaintiff. The court said: " A debtor is not required to avail himself of the statutes against usury, to avoid the payment of a debt otherwise justly due, any more than of the statute of limitations; and the omission to do either is not in itself the slightest evidence of an intent to defraud his creditors. It is rather evidence of a determination not to commit a fraud upon the lender for their benefit." WILLARD, J., said: " The plaintiff is a mere stranger to the judgment of Sheldon against Judson, and cannot insist upon its invalidity on the ground of usury."

So, while the courts have held that a contract tainted with usury was void when that defense was pleaded by the borrower or his personal representatives, they have also continuously held that the word ·*void* as used in the statute should be construed as *voidable* and there has been no inconsistency in those holdings. It is void when properly insisted on by the proper party, otherwise it is voidable only. (*Williams v. Tilt*, 36 N. Y. 319; *Chapuis v. Mathot*, 91 Hun, 565; affd., 155 N. Y. 641.)

It seems to me, therefore, that this chattel mortgage in question was voidable until such time as the borrower, the plaintiff, properly asserted his right to have it declared void. That he did not do until long after the policy in question was written and, in fact, until long after the fire. The question was not raised in the pleadings in any way and was only brought out on cross-examination of the plaintiff, whom

the defendant had called as a witness to prove the existence of the chattel mortgages.

If I am correct in the conclusion that the chattel mortgage was voidable at the time the policy was issued and not void, then the policy was invalid when issued and at the time of the fire and no recovery can be had thereon.

The term *voidable* as used by the courts in construing the usury statute means that a contract tainted with usury is valid until the right to insist on the defense of usury is asserted by the proper party in the proper way. Thus the person who accepts the usury cannot set up the statute to relieve himself from any obligation arising out of the contract. (*Froude* v. *Bishop,* 25 App. Div. 514.)

The appellant insists that the case of *Forward* v. *Continental Insurance Co.* (142 N. Y. 382) is controlling in this case and requires a reversal of the judgment and order herein. In that case the insured executed and delivered to his brother a paper in the form of a bill of sale of the property covered by the insurance policy. The bill of sale was filed in the town clerk's office. It purported to transfer the interest of the insured to his brother absolutely in consideration of $500. The bill of sale was colorable merely and made between the two brothers with reference to some litigation pending or threatened against the insured. Nothing was paid by the vendee named in the bill of sale. Possession of the property remained in the vendor and the vendee never claimed title or the right to possession. The agent of the insurance company, before issuing the policy, was informed in regard to the bill of sale. The court said: " Conditions in contracts of insurance against liability when the property is incumbered or where the title is not absolute in the insured are inserted for the purpose of guarding against the moral hazard involved. When the transfer or incumbrance is merely colorable or nominal and not real or effective the reasons that induced the stipulation do not apply. Was there any real sale or transfer of this property within the meaning of the policy? Nothing was done except to execute and file a paper. There was no intention in fact to transfer the title or vest any beneficial interest in the nominal vendee. There was no

debt to be enforced, no consideration passed, and the use and possession remained unchanged. The filing of the paper added nothing to its validity. It was not a mortgage nor intended as security for any debt. It was a mere paper transfer without consideration and without delivery of possession, and while it had the form it had none of the legal elements necessary, even between the parties, to constitute a valid contract of sale. In legal effect it was, I think, the same as an unexecuted gift."

It will be readily seen that there is a great difference between that case and the case at bar. Here there was in fact $1,000 advanced upon the security of the chattel mortgage. The mortgagor, the appellant herein, in fact paid from time to time upon the mortgage until he had paid it down to $850, the last payment being made only about two months before the policy was issued. Up to that time, at least, he recognized that the mortgage was in force and valid. In this case the only persons who could question the validity of the mortgage were the appellant and persons in privity with him. In the *Forward* case any person in any way interested could have attacked its validity. A creditor of the vendor could have reached the property, but a creditor of the vendee could not. In this case, the mortgagee could not have claimed that the mortgage was void as against his creditors. (*La Farge* v. *Herter*, 9 N. Y. 241.) If the appellant had made a general assignment for the benefit of his creditors and preferred the mortgagee, his assignee could not have questioned the validity of the claim, neither could any of his other creditors. (*Murray* v. *Judson*, 9 N. Y. 73.) The clause in the policy providing that it should be void if the property insured be or become incumbered by chattel mortgage was placed therein by the Legislature. It was supposed to be of importance and is of great importance to insurance companies. It is a well-recognized fact that there is a greater hazard in insuring property covered by a chattel mortgage.

To hold under the facts in this case that the plaintiff can recover in spite of the fact that the property insured was covered by a chattel mortgage would open the door to frauds upon insurance companies and to a great extent nullify the provision of the New York standard policy.

I advise that the judgment and order be affirmed, with costs.

All concurred, except KRUSE, P. J., who dissented in a memorandum.

KRUSE, P. J. (dissenting):

The provisions in the policy which make the subject of the insurance void if incumbered by a chattel mortgage mean a valid outstanding chattel mortgage. (*Forward* v. *Continental Insurance Co.,* 142 N. Y. 382; *Lycoming Fire Ins. Co.* v. *Jackson,* 83 Ill. 302.) If this chattel mortgage is tainted with usury, as the jury have found, the law declares it to be void. Courts would say it is only voidable. (*Williams* v. *Tilt,* 36 N. Y. 319; *Chapuis* v. *Mathot,* 91 Hun, 565; affd., 155 N. Y. 641.) That simply means that he may do as he likes about paying it. A mere stranger may not intervene to raise the question of its invalidity, but the plaintiff and those in privity with him may so do at any time before it is paid.

It is not voidable in the same sense as an infant's contract is voidable. That may be ratified. But not so of a contract void for usury. Such contracts are against public policy. They cannot be ratified or validated without being purged of usury. If the chattel mortgage was usurious it was void from its inception, and not merely when the plaintiff elected to so treat or regard it. It required no affirmative act of disaffirmance or repudiation to make it so. Even if the question of intention is to be regarded as a factor, I think his omission to advise the insurance company of the chattel mortgage when the policy was issued is some evidence of his intention to treat it as void.

I vote for reversal.

Order affirmed, with costs.