MILTON I. LEVY, Respondent, *v.* SIGWARD HALLAGER, Appellant.

Supreme Court, Appellate Term, First Department, November Term — Filed December, 1922.

**Usury — action upon check given by maker to pay another's note — maker may set up defense that note was usurious.**

Plaintiff brought an action to recover upon a check given to him by defendant to pay notes given to plaintiff by defendant's brother.   The trial court ruled that defendant was not entitled as a matter of law to set up the defense of usury

as he was not a party to the notes. *Held,* error; that one who volunteers to pay another's note is not a stranger, but so far as the circumstances of payment go stands practically in the shoes of the maker, and is entitled to interpose the defense of usury.

Appeal by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, in favor of plaintiff, entered upon the verdict of a jury.

*James L. Nesbit (Colin J. Campbell,* of counsel), for appellant.

*Milton I. Levy,* plaintiff, respondent in person.

*Per Curiam.* This action was brought to recover upon a check for $502.50 made by defendant to the plaintiff's order.

The facts as testified to by plaintiff are that he had loaned to defendant's brother $1,200 for which he held two notes of defendant's brother for $500 each and as a voucher a paid check of his own to the order of defendant's brother for $200; that defendant volunteered to pay this indebtedness, giving $100 cash and a check for $602.50, which was paid, and the check in suit for $502.50 on which payment was stopped.

Defendant's story, on the other hand, is that he offered and intended to pay only one note made by his brother, which he at that time thought was for $600; that he permitted his brother to fill in the amount as $602.50; that thereupon his brother and plaintiff had a consultation as a result of which the statement was made that the note was for only $500 and that plaintiff would not accept the $602.50 note in payment thereof as it was " illegal," the intimation being that it was usurious; that thereupon defendant not having any more blank checks with him, made out a check for $502.50 the next day and sent the same to the plaintiff by mail, plaintiff agreeing to hold the first check for $602.50 merely for a purpose which is immaterial to the present appeal, but not to deposit it and to deposit only the check for $502.50.

On this issue of fact there is considerable doubt whether the finding of the jury is not against the weight of evidence in view of the persuasive character of the documentary proof, which by way of dates and otherwise sheds considerable doubt upon plaintiff's story and seems to confirm defendant's version. There is no need, however, of determining that question since the learned judge below ruled that defendant was not entitled as matter of law to set up the defense of usury. In this we think he was in error. The ruling was based on the reasoning that defendant could not " set up in his own defense usury in the notes which his brother made * * *; " that defendant " is not a party to the note * * * not even as endorser can you do it." Appellant

argued, as he does now, that the usurious notes being void the checks given therefor were without consideration. In support of this view he quotes from the language of the opinion in *Sabine* v. *Paine,* 223 N. Y. 404: " An instrument which a statute, expressly or through necessary implication, declares void, strictly speaking, is a *simulacrum* only. It is without legal efficacy."

This language, however, was used to meet the claim that the Negotiable Instruments Law in its provisions defining the rights of a *bona fide* holder for value had practically changed the existing rule so that an instrument void in its inception might be good in the hands of such holder. The phrase quoted was not, in our opinion, intended to modify the long-standing and just principle that usury was a " personal defense " available only to the maker of a usurious instrument and his privies; or as it is sometimes said not available to a " stranger." Respondent contends here, as he did in the court below, that defendant is such a stranger, in which we do not concur. One who volunteers to pay another's note is not a stranger, but so far as the circumstances of payment go stands practically in the shoes of the maker. The case seems to us to be quite analogous to that of the accommodation maker of negotiable paper who is undoubtedly entitled to set up this defense. *Catlin* v. *Gunter,* 11 N. Y. 368; *Claflin* v. *Boorum,* 122 id. 385. It is evident that a note cannot be paid except on behalf of the one who is obligated thereon. Plaintiff testified repeatedly that defendant did not even pretend to buy the notes but to pay them.

Upon these facts it is our opinion that defendant was as much entitled as the maker himself to interpose the defense of usury.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, GUY, BIJUR and DELEHANTY, JJ.

Judgment reversed.