WILLIAM J. CRITTENDEN, Respondent, *v.* SAMUEL BARKIN, Appellant.

First Department, March 13, 1925.

Equity — action to have declared that plaintiff is borrower under loan made by defendant to third person on bonds stolen from plaintiff, that said loan was usurious, that plaintiff is entitled to bonds, and that defendant be compelled to deliver same — plaintiff is not borrower within General Business Law, § 377 — plaintiff cannot attack loan as usurious under General Business Law, §§ 370 and 373 — plaintiff's remedy is at law.

The owner of bonds, which were stolen from him, cannot maintain an action in equity against a person who loaned money to a third person on the security of the stolen bonds, to recover a judgment declaring that he is the borrower within the meaning of section 377 of the General Business Law, that said loan was usurious under sections 370 and 373 of the General Business Law, and that the person taking the bonds as security be directed to deliver them to the owner, or account for their value and be restrained from otherwise disposing of them.

The complaint contains no offer to pay the amount concededly loaned on the security of the stolen bonds and there is no claim that the owner of the bonds received any benefit from the loan so as to make him a " borrower " within the meaning of section 377 of the General Business Law.

Whatever rights the plaintiff may have to the possession of the bonds cannot be adjudged in equity on the facts stated, but must be enforced, if at all, in an action at law in replevin or for conversion.

APPEAL by the defendant, Samuel Barkin, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 24th day of October, 1923, denying his motion for judgment dismissing the amended complaint on the ground that it appears on the face thereof that it does not state facts sufficient to constitute a cause of action. (See Rules Civ. Prac. rule 106, subd. 5.)

*Root, Clark, Buckner & Howland* [*George O. Redington* of counsel; *Emory R. Buckner, Henri C. Jacques* and *Joseph Schreiber* with him on the brief], for the appellant.

*A. Gordon Murray* [*Frank C. Baker* with him on the brief], for the respondent.

DOWLING, J.:

The amended complaint herein sets forth that on the 26th day of February, 1919, the plaintiff was the owner and entitled to the possession of thirteen Allegheny county (Penn.) bridge bonds due December 1, 1941, in the amount of $1,000 each, of the aggregate value of $13,000; and that on or about that day the bonds were stolen from plaintiff and taken from his possession without his

consent by some person unknown to him. It is then alleged that on or about March 19, 1919, defendant entered into an agreement with S. Charles Sugarman to loan the latter the sum of $10,000 for the period of two weeks upon Sugarman paying defendant interest at the rate of six per cent per annum, together with a bonus of $500, and upon Sugarman further pledging the aforesaid bonds. It is then alleged that pursuant to such agreement the defendant on or about March 19, 1919, loaned to Sugarman the sum of $10,000, and received six per cent interest for the two weeks by way of discount and also the sum of $500 as a bonus or additional compensation for making the loan and for the use and forbearance of the money for that period; and that Sugarman made and delivered his promissory note, dated March 19, 1919, for $10,000 payable April 2, 1919, together with the said bonds " upon the credit of which said loan was made."

It is further alleged:

" V. Upon information and belief, that said agreement and loan were corrupt, usurious and void, in that it reserved for the loan and forbearance of said Ten thousand ($10,000) Dollars, a greater sum than at the rate of six per cent (6%) per annum as allowed by the statutes in such cases made and provided.

" VI. That by reason of said corrupt and usurious agreement, the note executed by said S. Charles Sugarman to defendant, as aforesaid, is null, void and of no effect and that the pledge of said bonds is likewise null and void and of no effect.

" VII. That plaintiff has no adequate remedy at law for the relief prayed for herein."

The judgment demanded is:

" (1) That plaintiff be adjudged the borrower of the said Ten thousand ($10,000) Dollars within the meaning of section 377 of the General Business Law of the State of New York.

" (2) That the said note be declared, adjudged and decreed usurious and void, under sections 370 and 373 of the General Business Law of the State of New York.

" (3) That plaintiff be adjudicated to be the true and lawful owner of said bonds and entitled to the immediate possession thereof.

" (4) That the defendant be decreed and compelled to deliver up to the plaintiff the aforesaid bonds or account to him for the value of the same.

" (5) That the defendant may be restrained and enjoined from selling or disposing of the said bonds pending the determination of this action."

The motion, which was denied, was for judgment dismissing the

amended complaint, on the ground that it appears on the face thereof that it does not state facts sufficient to constitute a cause of action. In support of his motion defendant urged that plaintiff may not attack for usury the transaction between defendant and Sugarman, as no action seeking to avoid a usurious contract lies in favor of a stranger thereto. That principle was established in *Williams* v. *Tilt* (36 N. Y. 319). There Birch & Co., a partnership, by false and fraudulent representations had obtained from the plaintiffs six bales of silk. Birch & Co. made a contract with defendants whereby certain advances were to be made by and the silks were to be delivered to the defendants. This contract was alleged by plaintiffs to be usurious in that one per cent per month besides regular charges and commissions were charged on the advances. The plaintiffs claimed that the contract between Birch & Co. and the defendants was void as to the plaintiffs because it was usurious, and, therefore, that the plaintiffs could recover the silks from the defendants. The court overruled this contention and held that since the plaintiffs were not parties to the contract and did not claim under one of the parties to the contract, they could not attack the contract for usury. Judge PARKER, in an opinion which has since frequently been cited with approval and followed, stated the law to be as follows: " It has been long held, and should now be deemed settled in this State, that a usurious agreement cannot be assailed by a stranger, that is, one not a party to it, nor claiming under the party injuriously affected by it. The rule was stated by BRONSON, J., in *Dix* v. *Van Wyck* (2 Hill, 522), as follows: ' a mere stranger, or one who has no legal interest in the question, shall not officiously intermeddle in the matter, nor take advantage of a statute not made for his benefit.' A similar statement was made by the chancellor in *Post* v. *Dart* (8 Paige, 640): he said, ' a mere stranger cannot insist upon the invalidity of a usurious security, * * * but the defense of usury may be set up by any one who claims under the mortgagor, and in privity with him.' This is the extent to which the cases have carried the right, and even the right of privies may be cut off by the waiver of the original party. (*Sands* v. *Church*, 6 N. Y. 347.) The contract is not absolutely void but only voidable, at the election of the borrower, or those who are privies in interest or in contract with him: hence, no other party can make the objection. (2 Parsons on Notes and Bills, 407; *Jackson* v. *Henry*, 10 Johns. 185; *Shufelt* v. *Shufelt*, 9 Paige, 145; *Post* v. *Bank of Utica*, 7 Hill, 391, 406; *DeWolf* v. *Johnson*, 10 Wheat. 367, 393; *Green* v. *Kemp*, 13 Mass. 515; *Bridge* v. *Hubbard*, 15 id. 103; *Morris* v. *Floyd*, 5 Barb. 136; *Bullard* v. *Raynor*, 30 N. Y. 197; *Billington* v. *Wagoner*, 33 id. 31.) It is

difficult to see how, under the rule above referred to, the plaintiffs in the case at bar can be heard to complain of usury in the contract between Birch & Co., and defendant Tilt. They are not claiming the property in question under Birch & Co., but by paramount title. Not having succeeded to the title of Birch & Co., the plaintiffs cannot take their place with reference to the contract, and claim the benefit of a statute not made for them." (See, also, *Ohio & Mississippi R. R. Co.* v. *Kasson,* 37 N. Y. 218; *Berdan* v. *Sedgwick,* 44 id. 626; *Amherst College* v. *Ritch,* 151 id. 282; *Chapuis* v. *Mathot,* 91 Hun, 565; affd., 155 N. Y. 641; *Lipedes* v. *Liverpool & L. & G. Insurance Co., Ltd.,* 184 App. Div. 332; affd., on other grounds, 229 N. Y. 201; *Preston* v. *Cuneo,* 140 App. Div. 144.)

Plaintiff relies upon the case of *Sabine* v. *Paine* (223 N. Y. 401) as overturning this long-established rule. But I think the Appellate Term of this Department correctly interpreted that opinion in *Levy* v. *Hallager* (119 Misc. 695) wherein it said: "Appellant argued, as he does now, that the usurious notes being void the checks given therefor were without consideration. In support of this view he quotes from the language of the opinion in *Sabine* v. *Paine,* 223 N. Y. 404: 'An instrument which a statute, expressly or through necessary implication, declares void, strictly speaking, is a *simulacrum* only. It is without legal efficacy.'

" This language, however, was used to meet the claim that the Negotiable Instruments Law in its provisions defining the rights of a *bona fide* holder for value had practically changed the existing rule so that an instrument void in its inception might be good in the hands of such holder. The phrase quoted was not, in our opinion, intended to modify the long-standing and just principle that usury was a ' personal defense ' available only to the maker of a usurious instrument and his privies; or as it is sometimes said not available to a ' stranger.' "

Plaintiff also relies on the case of *Bloom* v. *Levison* (179 App. Div. 885; affd., 226 N. Y. 608). But there the plaintiff, suing for the cancellation of the note and to compel surrender of the collateral, was the maker of the note and was a party to the usurious contract and the person injuriously affected by the usury. The plaintiff, setting up the usury was the aggrieved borrower.

It may be noted, as well, that the complaint contains no offer to repay the amount concededly loaned by defendant to Sugarman, nor is there any claim that plaintiff received any benefit from the loan so as to make him a " borrower," within the meaning of section 377 of the General Business Law.

It would seem that whatever rights plaintiff may have to possession of the bonds cannot be adjudged in equity, upon the facts

pleaded, but must be enforced, if at all, in an action at law in replevin or for conversion.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements to appellant, and the motion for judgment granted, with ten dollars costs.

CLARKE, P. J., MERRELL, MCAVOY and BURR, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.