Louis Joffee, Respondent, v. Libby's Hotel and Baths Corporation, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

August Kneher, Respondent, v. Cecile Greengrass, Appellant.— Judgment reversed upon the law and the facts, with costs, and judgment directed for defendant upon her counterclaim, with costs, declaring the bond and mortgage referred to in the complaint to be usurious and void and directing that they be canceled and discharged of record. The bond and mortgage referred to in the complaint were executed for the accommodation of defendant's brother, and they were without consideration when made; they could not become operative until passed away for value; and if then negotiated upon an usurious consideration are void. The evidence clearly shows that at the time plaintiff took the bond and mortgage in payment of a part of the indebtedness of defendant's brother to him, a bonus of $600 was exacted and added to the amount of the bond and mortgage. This rendered the bond and mortgage absolutely void, and in our opinion the defendant is entitled to interpose the defense of usury. She volunteered to pay the debt of her brother and practically stands in his shoes. (*Catlin* v. *Gunter*, 11 N. Y. 368; *Claflin* v. *Boorum*, 122 id. 385; *Sabine* v. *Paine*, 223 id. 401; *Tiedemann* v. *Ackerman*, 16 Hun, 307; affd., 84 N. Y. 677; *Levy* v. *Hallager*, 119 Misc. 695.) Findings of fact and conclusions of law contrary to this decision are reversed and new findings and conclusions will be made in support thereof. Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ., concur. Settle order on notice.

Warren J. Lockwood, Respondent, v. Hermann A. Veit, Appellant.*— Judgment reversed upon the law and the facts, with costs, and judgment directed in favor of the defendant dismissing the complaint upon the merits, with costs. Plaintiff's alleged cause of action is based upon a certain letter dated July 9, 1925, as supplemented by a further agreement as testified to by the plaintiff at folio 138 of the record. We are of the opinion that this agreement, as supplemented, is not sufficient to uphold plaintiff's claim. According to the supplemental agreement, plaintiff was to receive commissions only on deals that were consummated and had been worked out between the parties in plaintiff's office, and the deals referred to in plaintiff's complaint were plainly never worked out between the parties in plaintiff's office. Findings of fact and conclusions of law contrary to this decision are reversed and new findings will be made in support thereof. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur. Settle order on notice.