CHRISTOPHER METZ et al., Appellants, v. WINFIELD A. GUNTHER et al., Respondents.—

The record discloses ample evidence to sustain the Special Term's findings that the plaintiffs made a loan of only $3,000; that plaintiffs received therefor from the borrower notes aggregating $3,600; that plaintiffs exacted a usurious rate of interest; that such loan was actually made to an individual — Richard Rider, although nominally the loan was made to a corporation; and that the corporate entity was utilized to conceal the fact that the loan was actually made to said individual. Indeed, as noted by the Special Term in its opinion, the notes and the mortgage were executed and the transaction consummated before the corporation had even been legally organized. The defendants, however, in their capacity as accommodation indorsers or sureties for the repayment of the loan, are not borrowers within the purview of section 377 of the General Business Law. Hence, upon proof of the usury they are not entitled, upon their counterclaim, to the unconditional cancellation of the indebtedness and the mortgage. As accommodation indorsers or sureties, they would be entitled in equity to the cancellation of their liability

on the notes and to the cancellation of their mortgage only upon their payment or tender of payment of a sum equal to the proceeds of the loan actually received by the borrower, less the installment payments made thereon, plus the legal interest on the balance (*cf. Allerton* v. *Belden*, 49 N. Y. 373; *Buckingham* v. *Corning*, 91 N. Y. 525, 529-530; *Lubetkin* v. *Stern & Co.*, 223 App. Div. 770). In no event would they be entitled to the return of the notes, since plaintiffs if so advised may pursue their cause of action, if any, on the notes against the actual borrower. The defendants here, not having paid or tendered the payment of said sum to plaintiffs, may get no affirmative relief in this action on their counterclaim of usury. The case relied on by the Special Term (*Kneher* v. *Greengrass*, 232 App. Div. 761) is distinguishable on the facts. There, a new loan was virtually made and credit extended by the plaintiff directly to the defendant; in effect defendant simply authorized the plaintiff to utilize the loan proceeds and apply them in reduction of her brother's existing indebtedness to the plaintiff, but defendant was the actual borrower. Here, while defendants are related to the individual borrower, nevertheless such individual was the actual borrower; credit was extended to him; and defendants were in fact merely accommodation indorsers or sureties for him. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.