Case 90.—ACTION BY GEORGE ALEXANDER & CO. AGAINST JOHN W. HAZELRIGG ON A NOTE.

## Alexander & Co. v. Hazelrigg.

Appeal from Montgomery Circuit Court.
A. W. YOUNG, Circuit Judge.
Judgment for Defendant. Plaintiff appeals. Affirmed.

1. Bills and Notes—Action by Assignee—Denial of Ownership—Sufficiency—In an action by the assignee of an assigned note against the payor thereof, an answer by the payor that he has no knowledge or information sufficient to form a belief that at a time subsequent to the date of the note or before its maturity, the payee endorsed his name upon it or ever sold or delivered it to the plaintiff, or that the plaintiff then or ever became or is now the owner thereof, is sufficient to make an issue as to the ownership of the note.

2. Negotiable Note—Innocent Holder—Gaming Contract—Effect—Ky. stats., sec. 1955, declares all gaming contracts void, and this statute is not repealed by the act of the Kentucky Legislature of 1904 for the protection of innocent holders of negotiable instruments. In an action by the assignee of an assigned note against the payor thereof, an answer by the payor "that the note was executed to the assignor in payment of a bet or wager upon the result of a horse race, and the consideration for its execution under the law of Kentucky is vicious, illegal and void, and which defendant relies on in bar of a recovery," presents a good defense to such note.

ROBT. H. WINN for appellant.

## POINTS AND AUTHORITIES.

1. The maker of a promissory note, as against him who appears as the holder of the note, cannot deny the regularity of the holding upon a want of information and belief. (Civil Code, Sec. 113, Sub-Sec. 7; Negotiable Instruments Act, Sec. 59; Huffaker v. National Bank of Monticello, 12 Bush, 287; Gridler v. Farmers & Drovers Bank, 12 Bush, 333; McClure v. Bigstaff, 18 K. L. R., 601; Hargis v. Louisville Trust Company, 17 K. L. R., 218; Daniel on Negotiable Instruments, Sec. 812.)

2. The gambling consideration which avoids a note is consideration bad upon the part of the obligee; the answer does not plead that Lucas, the obligee, made the bet. (Chambers v. Simpson's Administratrix, 1st T. B. Monroe, 112; Powell, etc. v. Flanary, etc., 109 Ky., 342.)

3. Money lent afterward to pay a gambling debt can be recovered; the allegations of the answer may be conformed to this state of fact. They will be taken against the pleading; and further the law presumes a valid, rather than an invalid consideration. (English v. Young, 10 B. M., 141.)

4. The defendant seeks to avoid ths note under a Kentucky statute; the answer, seeking to avail itself of the Kentucky statute, should plead such locus of the transactions as to bring it within the denunciation of the Kentucky statute; otherwise the law assumes the transaction to have been in a place where its consideration was legal. (Jacob v. Clark, et al, 72 S. W., 1095, s. c. 24 K. L. R., 2120; Criminal Code of Practice, Sec. 124; Martin v. Richardson, 94 Ky., 186.)

5. The note recites that it is for "value received," and the maker made his payment upon it. To avoid this state of fact, the defendant must plead that the recitation and the payments were made by fraud or mistake. (Daniel on Negotiable Instruments, 5th Ed., Sec. 161; Gray Tie & Lumber Company v. Farmers' Bank, 109 Ky., 694; Burnett v. Frazier, 19 K. L. R., 299; Holmes v. Holmes, 107 Ky., 463; Allen v. Luckert, 3 J. J. M., 164; Lee, etc. v. Page, etc., 8 K. L. R., 602.)

6. Under the "Negotiable Instruments Law," Acts of 1904, page 213, the question of consideration cannot be inquired into as against a holder in due course; he takes the paper "free from defenses, available to prior parties among themselves." The act operates, pro tanto, to repeal the existing law whereby an instrument with the attributes of a foreign bill of exchange could, by reason of its gaming consideration, be avoided in the hands of an

innocent holder. (Negotiable Instruments Law, Secs. 57, 28 and 24; Negotiable Instruments Law, Sec. 195; Sutherland's Statutory Construction, 2nd Ed., Secs. 269, 270 and 271; Broaddus v. Broaddus, 10 Bush, 299; Parrish v. Ferguson, etc., 83 Ky., 18; Patterson v. Commonwealth, 86 Ky., 313; Gorham v. Lucket, 6 B. M., 146; Buchannon v. Commonwealth, 95 Ky., 334; Long, Tres. v. Stone Auditor, 19 K. L. R., 246; Commonwealth of Ky. v. Grinstead & Tinsley, 108 Ky., 59; U. S. v. James Tynen, 11 Wall, 88, s. c. 20 L. Ed., 153; Murdock, et al v. Mayor, etc., of Memphis, 20 Wall, 590, s. c. 22 L. Ed., 429; Henry Seymour King v. Franklin C. Cornell, etc., 16 Otto, 395, s. c. 27 L. Ed., 60; Roger v. Watrous, 8 Tex., 62, s. c. 58 Am. Dec., 100; State v. Wilson, 43 N. H., 415, s. c. 82 Am. Dec., 163; 23 Am. & Eng. Ency. of Law [1st Ed.], 479; Sutherland on Statutory Construction, 2nd Ed., Sec. 247; Maddox, et al v. Graham, et al, 2 Met., 56; Rash v. Holloway, 82 Ky., 674; Cooley's Constitution Limitations, 7th Ed., page 202; Constitution of Kentucky, Sec. 51.)

7. This direct question has been up before the Court of Appeals in the District of Columbia, in the case of Wirt v. Stubblefield, 17 App. Cases, Dist. Col., 283. The case is directly in point; and for fear that it may not be accessible to the court, we have taken the liberty of appending a full copy of the opinion.

8. In order to avail himself of facts not appearing on the face of a contract, to establish its legality, or to render it void, a defendant must plead them. (Encyclopedia of Pleading & Practice, Vol. 1, page 844; Page on Contracts, Sec. 517; Denton v. Logan, 3 Met., 434; Commiskey v. Williams, 20 Mo. App., 606; s. c. 2 W. Rep., 604.)

9. Therefore the gambling consideration is a defense; and under Section 57 of the Negotiable Instruments Act, Alexander holds it free from this defense.

LEWIS APPERSON for appellee.

1. Our contention is, that where a note has been placed upon the footing of a foreign bill of exchange and a plea of an illegal consideration is made, the burden is on the defendant to prove that fact before the burden is shifted to the plaintiff, requiring the plaintiff to show that it came by the note in the regular way without any notice of any fraud or illegal consideration, and if such was the fact the holder of the bill could recover; but in case of a vicious or void consideration, even if the note had been placed upon the footing of a foreign bill of exchange, recovery could not be had, if that was shown by the proof.

2. It has been considered for years in this State, that the

statute against gaming, champerty and maintainance and other similar statutes, which declare instruments based on such illegal considerations, void, as based on sound, public policy and as heretofore stated that such a plea was available against any instrument which had been executed, and that such statutes are not inconsistent with other statutes similar to the last act, in so far as it was confined then to incorporated banks, and I do not believe now that this court will so construe the Negotiable Instrument Act as being so entirely repugnant and inconsistent with the gaming statutes as to declare or to make a legal thing or an enforcible instrument that the statute says should be and is void in its inception.

### AUTHORITIES CITED.

Ky. Statutes, Sections 483, 1955; Cochran v. German Ins. Bank, 9 Ky. L. R., 196; Farmers and Drovers Bank v. Unser, 13 Ky. L. R., 965; Bohon's Assignee v. Brown, 19 Ky. L. R., 540; Collins v. Merrell, 2 Metcalf, 163; The Negotiable Instrument Act, Sections 89, 152.

OPINION BY JUDGE NUNN—Affirming.

This action was instituted by appellant, doing business as Geo. Alexander & Co., against the appellee, upon the following promissory note: "$1,592.90. Mt. Sterling, Ky., Sept. 14th, 1904. Sixty days after date, we jointly and severally promise to pay to Desha Lucas, or order, fifteen hundred and ninety-two and $90/100$ dollars, negotiable and payable at the Montgomery National Bank, Mt. Sterling, Ky., value received, with interest at 6 per cent. per annum. [Signed] John W. Hazelrigg." It is clear that this is a negotiable promissory note, within the meaning of section 184 of the act relating to negotiable instruments, in Sess. Acts 1904, p. 250, c. 102.

The appellant, in his petition, made the following allegations with reference to his ownership of the note: "That upon a time subsequent to date and before the maturity of the said instrument the said Desha Lucas indorsed his name upon said in-

strument, and then and there sold and delivered same to this plaintiff who then and there became, and is now, the owner and holder of same in due course." The appellee filed his answer to the petition. Omitting the formal parts, it reads as follows: "The defendant, John W. Hazelrigg, for answer herein, says it is true he signed the note filed in the plaintiff's petition; but he has no knowledge or information sufficient to form a belief that at a time subsequent to the date of said note, or before the maturity of said instrument, the said Desha Lucas indorsed his name upon said instrument, or then and there or ever sold or delivered the same to the plaintiff, or that the plaintiff then or there or ever became, or is now, the owner or holder of same in due course. (2) For further answer herein, defendant says that the note sued on herein was executed to Desha Lucas in payment of a bet or wager, which was lost upon the result of a horse race, and the consideration for the execution thereof under the law of Kentucky is vicious, illegal, and void, and which defendant relies on and in bar of any recovery herein." The appellant filed a demurrer to each of the paragraphs of the answer. The court overruled it. The appellant declined to plead further. His petition was dismissed, with a judgment against him for costs, and he has appealed.

The first objection made by appellant's counsel is that the first paragraph of the answer is insufficient because the allegations of the petition and the exhibits filed therewith are such that the appellee had presumptive knowledge of every fact which he denied by reason of want of knowledge or information. To this we cannot agree. It cannot seriously be contended that, because the appellant brought this suit on the note with Desha Lucas' name upon the back of it, it was presumptively within the knowledge of the appellee that appellant took it in good faith and for value

before maturity, and at the time it was negotiated to the appellant he had no notice of the infirmity of the instrument or defect in the title of the person negotiating it. As we understand the first paragraph of the answer, it made an issue upon these points.

The real question to be determined is whether a negotiable note executed for money lost on a bet or wager can be successfully defended, when owned and held by an innocent purchaser for value without notice of the infirmity or illegal consideration of the note. As we understand the appellant's petition, he concedes that prior to the passage and the taking effect of the negotiable instrument act, referred to, such a note could be successfully defended in the hands of an innocent purchaser; but since that act took effect he contends that all laws inconsistent with that act stood repealed. He claims that under section 57 the question of consideration cannot be inquired into as against the holder in due course. He takes the paper free from defenses. And in support of this position we are referred to the case of Wirt v. Stubblefield, 17 App. D. C. 283. In that case it was held that the section, the same as section 57 referred to above, changed the law of the District of Columbia as to a note given for a gambling debt in the hands of a holder in due course; the court saying: "We know, moreover, that the great and leading object of the act, not only with Congress, but with the larger number of principal states of the Union that have adopted it, has been to establish a uniform system of law to govern negotiable instruments wherever they might circulate or be negotiated. It was not only uniformity of rules and principles that was designed but to embody in a codified form, as fully as possible, all the law upon the subject, to avoid conflict of decisions, and the effect of mere local laws and usages that have hitherto prevailed. The great object sought to be

Alexander & Co. v. Hazelrigg.

accomplished by the enactment of the statute is to free the negotiable instrument as far as possible from all latent local infirmities that would otherwise inhere in it to the prejudice and disappointment of innocent holders as against all the parties to the instrument professedly bound thereby.    This clearly could not be effected so long as the instrument was rendered absolutely null and void by local statute.''

It has been the policy of this State to suppress gaming, and the statutes making gaming contracts void are founded upon what the Legislature has for many years deemed to be sound public policy.   It is inconceivable that the General Assembly, in the passage of the act of 1904 for the protection of innocent holders of negotiable instruments, intended to or did repeal section 1955, Ky. St. 1903, which declares all gaming contracts void.   In our opinion the disappointment now and then of an innocent holder of a negotiable instrument would not be as hurtful and injurious to the best interests of the State as the removal of the ban from gaming contracts. Mr. Daniel in his work on Negotiable Instruments (section 197) says:   ''The bona fide holder for value, who has received the paper in the usual course of business, is unaffected by the fact that it originated in an illegal consideration, without any distinction between cases of illegality founded in moral crime or turpitude, which are terms mala in se, and those founded in positive statutory prohibition, which are termed mala prohibita.   The law extends this peculiar protection to negotiable instruments, because it would seriously embarrass mercantile transactions to expose the trader to the consequences of having a bill or note passed to him impeached for some covert defect.   There is, however, one exception to this rule—that when a statute, expressly or by necessary implication, declares the instrument absolutely void, it gathers no vitality by its circulation in

respect to the parties executing it." In the case of Sondheim v. Gilbert, 117 Ind. 71, 18 N. E. 687, 5 L. R. A. 432, reported in 10 Am. St. Rep., at page 23, the court said: "In order, therefore, to uphold a judgment which invalidates commercial paper in the hands of innocent holders, such as plaintiffs are conceded to be, it is essential that a statute should be shown governing the case, which in direct terms declares that transactions such as those here involved are unlawful, and that notes given under circumstances exhibited by the facts in this case are absolutely void. The principle may be considered as well established that when a statute in express terms pronounces contracts, bills, securities, and the like, resulting from or growing out of wagering or gambling transactions, which are prohibited by statute, absolutely void, no recovery can be had thereon; and the doctrine that transactions which a statute in direct terms declares to be unlawful cannot acquire validity by the transfer of commercial paper based thereon, which is also under direct legislative denunciation, is fully supported by authorities." And the authorities are referred to, and the court continues: "In such a case the note will be declared void in the hands of an innocent holder." In the case of Bohon's Assignees v. Brown, etc., 101 Ky. 355, 20 Ky. Law Rep. 1496, 41 S. W. 275, 38 L. R. A. 503, 72 Am. St. Rep. 420, the court said: "In the case of Cochran v. German Insurance Bank, 9 Ky. Law Rep. 196, the superior court held that 'a bill or note based upon a gambling consideration is absolutely void, and the drawer or maker is not bound to even an innocent holder.' And in the case of Farmers' & Drovers' Bank of Louisville v. Unser, 13 Ky. Law Rep. 966 the court says: 'The whole current of authority is that the obligor may insist upon the illegality of the contract or consideration, notwithstanding the note is in the hands of an innocent holder for value in all those

cases in whch he can point to an express declaration of the Legislature that such an illegality makes the contract void." '

For these reasons, the judgment of the lower court is affirmed.