## Citizens Bank v. Crittenden Record-Press, et al.

(Decided November 19, 1912.)

Appeal from Crittenden Circuit Court.

Bills and Notes—Action Upon—Defense that Notes Were Peddler's
  Notes.—The traveling agent of a manufacturing concern, appear-
  ing in the town of Marion, delivering nothing of that which he
  had sold, but only taking an order for what he sold and trans-
  mitted the order to his house in Tennessee, there, by the express
  terms of the order, to be accepted or rejected, was not peddling,
  nor were the notes taken for the things he sold peddler's notes.
  Upon the trial of an action upon the notes the trial court should
  have held the notes not void within section 4223 Kentucky
  Statutes.

JOHN A. MOORE for appellant.

BLUE & NUNN for appellee.

OPINION OF THE COURT BY JUDGE WINN—Reversing.

The appellant bank filed in the lower court its ac-
tion seeking to recover from the appellees, The Crit-
tenden Record-Press, and S. M. Jenkins, as its sole
owner, on two notes for $150 each, drawn by the appel-
lees in favor of the American Manufacturing Company,
and by it endorsed and sold to the bank in due course
within the intent of the negotiable instruments law.
Among other defenses interposed, there is only one
which is necessary to be noticed; i. e., that these notes
were "peddler's" notes and void because not so en-
dorsed, as provided under section 4223, Kentucky Stat-
utes. The trial court ruled the burden to be upon the
defendant; and at the conclusion of all the testimony,
directed a verdict in favor of the defendant. From
judgment thereon this appeal is prosecuted.

In Lawson v. First National Bank of Fulton, 102 S.
W., 324, we held that the enactment of the negotiable
instruments statute did not serve to protect a holder in
due course of a note void under section 4223 of the
statutes. That question, therefore, need not be con-
sidered.

The subject of the barter was a method of putting on
and conducting a contest for an automobile, sixteen
dinner sets, and other articles. The articles were em-
braced in the sale. Appellant urges that the evidence

of the appellees was not sufficient to establish that the things sold were peddled, nor to establish that the notes given therefor were peddler's notes. Under section 4216 of the Kentucky Statutes, "All itinerant persons vending lightning rods, goods, wares, merchandise, clocks, watches, jewelry, gold, silver or plated ware, spectacles, drugs, nostrums, perfumery, and any other things not hereinafter specifically exempt, shall be deemed peddlers." Section 4218 names the exemptions referred to in section 4216. The exempted articles are tinware, agricultural implements, sewing machines, portable mills, books, pamphlets, papers, meat, stoneware, farm or garden products, and things sold by sample by merchants or their agents.

The manner of the sale here was not that of itinerant vending as that act is commonly known. Though appellee Jenkins testifies that he bought the things sold outright from the traveling agent of the American Manufacturing Company, his testimony as to the real nature of the transaction must be controlled by the written contract of purchase filed by him with and as part of his answer. The contract disclosed that the title to no property was passed by it. It was an order solicited by an agent which expressly provided that it was not to be binding until and when it was accepted by his principal. The agent had with him nothing save the idea, the plan, of conducting the contest. The copyrighted book of instructions, the automobile, the advertising matter, and every tangible thing sold, including, indeed, the idea or plan sold, were embraced within the order transmitted to the American Manufacturing Company for its approval. The sale was not a peddler's sale. Wedgewood, in his Dictionary on Etymology, says that "A ped in Norfolk is a pannier or wicker basket; a pedder or peddler, a packman, one who carries on his back goods for sale." The term "peddler" or "itinerant" person includes any one who goes from place to place to peddle or retail goods, wares, or other things. West v. City of Mt. Sterling, 65 S. W., 120. In Commonwealth v. Ober, 12 Cush., 493, it is said that the leading primary idea of a hawker and peddler is that of an itinerant or traveling trader who carries goods about in order to sell them and who actually sells them to purchasers, in contradistinction to a trader who has goods for sale and sells them in a fixed place of busi-

ness. In Emert v. Missouri, 156 U. S., 296, the Su-preme Court quoted the Massachusetts definition just given. In Commonwealth v. Farnum, 114 Mass., 270, a hawker and peddler was defined as an itinerant trader who goes from place to place and from house to house carrying for sale and exposing to sale the goods, wares or merchandise which he carries. In Clements v. Town of Casper, 4 Wyo., 494, it was said that the word ped-dler indicated an itinerant trader, a person who sells small wares which he carries with him in traveling about from place to place. In Pegues, Tax Collector v. Ray, 50 La. Ann., 574, it is said that a traveling vendor is a peddler on an enlarged scale, but that nevertheless he is a peddler because he carries wares which he sells and delivers at the same time, going from place to place for the purpose. Bouvier's Law Dictionary says "a peddler is a person who travels about the country with merchandise for the purpose of selling it." Webster defines a peddler as "a traveling trader; one who carries about small commodities on his back or in a cart or wagon and sells them." Anderson's Law Dictionary defines a peddler to be "a person who travels from place to place and carries about with him on horseback or in a vehicle articles of merchandise for sale." In In Re Pringle, 67 Kan., 364, it was held that one who had no fixed place of business, but traveled about from place to place carrying with him merchandise which he sold and delivered then and there, was a peddler. In State v. Hoffman, 50 Mo. App., 585, it is said that a peddler is one who goes from house to house or place to place carrying his articles of merchandise with him and concurrently sells and delivers. The foregoing definitions leave not much doubt as to the spirit of our statute in regard to peddling. The intent of the legisla-tion is made further manifest by section 4224 of the statutes, which fixes the amount of the license tax to be paid by peddlers, providing that one person with a two-horse wagon should pay $50, one person with a one-horse wagon $40, a person on horseback $30, and a person on foot who carries on or about his person the articles he proposes selling, or each person who may accompany a peddler with a wagon, $20. The taxing statute plainly makes manifest that the idea of peddling within our en-tire statutes upon the subject is that of an itinerant

vending of a thing taken along and sold at the time. They of necessity have enlarged the elementary idea of a pannier or basket; because they enlarge the definition in terms to those itinerant vendors who may take their merchandise in wagons or otherwise about them. The size or kind or quality of the articles, therefore, is no longer to be considered of so much consequence. An automobile may as well be peddled as may thimbles, needles and thread, linens, rugs and other customary articles which the peddler, as we commonly know him, takes with him from place to place to sell. But a peddler, within the purpose and intent of the statute, must have with him the thing which he sells, and must then and there deliver it. In some few jurisdictions it is held that taking orders for future delivery constitutes a peddling within the statute. The majority of the courts hold otherwise, soundly we think. But our position in this respect must not be misunderstood. A peddler will not be permitted fraudulently to evade the law by storing his goods at some given point and then to go from house to house exhibiting samples and taking orders to be followed by a future delivery. The question of good faith will be considered, and his guilt or innocence in criminal cases, and the validity of notes taken by him within the intent of section 4223, will be measured in each instance by the facts as they are. When Buckner, the traveling agent of the American Manufacturing Company, appeared in the town of Marion, he delivered nothing of that which he sold. He took an order for everything which he sold and transmitted it to his house in Tennessee, there, by the express terms of the order, to be accepted or rejected. This was not peddling; nor were the notes taken for the things sold peddler's notes.

The foregoing considerations so far dispose of the case as that it becomes unnecessary to consider the interesting questions of interstate commerce discussed by counsel.

It results that the trial court erred in giving a peremptory instruction in favor of the appellees; but rather upon the facts shown, it should have held that the notes were not void within section 4223 of the statutes; whereupon it would have resulted, insofar as the record discloses, that the notes, being within the nego-

tiable instruments law, were not subject to any defense which the makers might have had against the original payee.

The judgment of the trial court is reversed for proceedings consistent herewith.