C. OLIVIA SABINE, Appellant, *v.* MAGGIE S. PAINE Respondent, Impleaded with Another.

**Bills, notes and checks — usury — a note void in its inception for usury is void forever, even in hands of innocent holder — statutory rule not abrogated by Negotiable Instruments Law.**

1. A note void in its inception for usury continues void forever, whatever its subsequent history may be. It is void in the hands of an innocent holder for value as it was in the hands of those who made the usurious contract, because that which the statute has declared void cannot be made valid by passing through the channels of trade. (*Claflin* v. *Boorum,* 122 N. Y. 385, followed.)

2. The statute as to usury (General Business Law [Cons. Laws, ch. 20], §§ 370, 371, 373) is peremptory and unequivocal in enacting that an usurious obligation is absolutely void, and the legislature did not by enacting section 96 of the Negotiable Instruments Law intend to abrogate the rule.

*Sabine* v. *Paine,* 166 App. Div. 9, affirmed.

(Argued April 30, 1918; decided May 14, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 9, 1915, affirming a judgment in favor of defendant entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Joseph P. Tolins* for appellant. Under the provisions of section 96 of the Negotiable Instruments Law the defense of usury to negotiable paper is no longer available against a *bona fide* holder for value in due course and without notice of the infirmity. (*Broadway Trust Co.* v. *Manheim,* 47 Misc. Rep. 416; *Klar* v. *Kostiuk,* 65 Misc. Rep. 199; *Oeser* v. *Behrend,* 89 Misc. Rep. 391; *Kennedy* v. *Hyman,* 167 N. Y. Supp. 311; *Schlessinger* v. *Kelly,* 114 App. Div. 546; *Schlesinger* v. *Gilhooly,* 189 N. Y. 1; *Schlesinger* v. *Lehmaier,* 191 N. Y. 69.)

*Hector M. Hitchings* and *J. Elmer Melich* for respondent. Usury is still a valid defense to actions on negotiable instruments, unaffected by the Negotiable Instruments Law, and this defense was fatal to plaintiff's recovery. (2 R. S. 772, §§ 2, 5; *Schlesinger* v. *Lehmaier,* 191 N. Y. 69; *Grannis* v. *Stevens,* 216 N. Y. 583; *Meeher* v. *Fiero,* 145 N. Y. 165; *Claflin* v. *Boorum,* 122 N. Y. 385.)

COLLIN, J. The action is upon a promissory note in the sum of twenty-one hundred dollars, made by the defendant and owned by the plaintiff. The note was payable, four months after its date, to the order of Eugene F. Vacheron. It was delivered to him as the agent of the defendant for the purpose of having it discounted for her. He after indorsing it transferred it to the plaintiff for the sum of eighteen hundred and fifty dollars. Under the evidence and the decision of the Appellate Division, this appeal presents the

single question, is an usurious promissory note enforcible by a holder in due course.

The Negotiable Instruments Law (Cons. Laws, ch. 38) enacts: " A holder in due course holds the instrument free from any defect of title of prior parties and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon." (Section 96.)  " A holder in due course is a holder who has taken the instrument under the following conditions: 1. That it is complete and regular upon its face; 2. That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact; 3. That he took it in good faith and for value; 4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it." (Section 91.)

When the Negotiable Instruments Law was enacted, it was an established rule of law in this state and many other jurisdictions that a holder of a note void by virtue of a statutory declaration because of usury, who became such before the maturity of the note for value and without notice of the usury, could not enforce the note. The rule is an exception to the general principle that a negotiable instrument, in the hands of an innocent holder, who had received it in good faith in the ordinary course of business, for value, and without notice of a defense, is not invalid and is enforcible by the holder.   The general principle has been stated:  " The *bona fide* holder for value who has received the paper in the usual course of business is unaffected by the fact that it originated in an illegal consideration, without any distinction between cases of illegality founded in moral crime or turpitude, which are termed *mala in se* and those founded in positive statutory prohibition which are termed *mala prohibita.*

The law extends this peculiar protection to negotiable instruments, because it would seriously embarrass mercantile transactions to expose the trader to the consequences of having the bill or note passed to him impeached for some covert defect." (1 Daniel on Negotiable Instruments [6th ed.], section 197.) The rule, constituting an exception to it, rests upon the legislative intention and enactment. An instrument which a statute, expressly or through necessary implication, declares void, strictly speaking, is a *simulacrum* only. It is without legal efficacy. It cannot obligate a party or support a right. In *Claflin* v. *Boorum* (122 N. Y. 385, 388) we said: " A note void in its inception for usury continues void forever, whatever its subsequent history may be. It is as void in the hands of an innocent holder for value as it was in the hands of those who made the usurious contract. No vitality can be given to it by sale or exchange, because that which the statute has declared void cannot be made valid by passing through the channels of trade." The rule has general recognition in judicial opinion. (*Eastman* v. *Shaw*, 65 N. Y. 522; *Vallett* v. *Parker*, 6 Wend. 615; *Harper* v. *Young*, 112 Penn. St. 419; *Kendall* v. *Robertson*, 12 Cush. 156; *Town of Eagle* v. *Kohn*, 84 Ill. 292; *Sondheim* v. *Gilbert*, 117 Ind. 71; *Bohon's Assignee* v. *Brown*, 101 Ky. 354; *Birmingham· Trust & Savings Co.* v. *Curry*, 160 Ala. 370; *Snoddy* v. *Bank*, 88 Tenn. 573; *German Bank* v. *De Shon*, 41 Ark. 331, and cases cited.) The fact that the holder when he took the paper did not know that it had had no inception — that no prior party could sue upon it, and that he was loaning money upon it, does not affect the rule. He is bound to know the character of the paper he is dealing in. (*Eastman* v. *Shaw*, 65 N. Y. 522, 530; *Miller* v. *Zeimer*, 111 N. Y. 441.)

The statutes of this state fix the rate of interest upon the loan or· forbearance of money at six dollars upon one

hundred dollars for one year and at that rate, for a greater or less sum, or for a longer or shorter time; forbid the taking of a greater rate, and provide: " All bonds, bills, notes, * * * whereupon or whereby there shall be reserved or taken, * * * any greater sum, or greater value, for the loan or forbearance of any money, goods or other things in action, than is above prescribed, shall be void. Whenever it shall satisfactorily appear by the admissions of the defendant, or by proof, that any bond, bill, note, assurance, pledge, conveyance, contract, security or any evidence of debt has been taken or received in violation of the foregoing provisions, the court shall declare the same to be void, and enjoin any prosecution thereon, and order the same to be surrendered and canceled." (General Business Law [Cons. Laws, ch. 20], sections 370, 371, 373.) The statute is peremptory and unequivocal in enacting that an usurious obligation is absolutely void.

The legislature did not by enacting section 96 of the Negotiable Instruments Law intend to abrogate the rule we have stated. The statute declaring the usurious instrument void is not repealed expressly or through implication. The court is, under its command, to declare it void, enjoin prosecution of it and order it to be surrendered and canceled, whenever satisfactory proof of its usurious character appears. It is a pretense and ineffectual as a source of obligation or of right. It is insubstantial and within the intendment of the Negotiable Instruments Law is not a negotiable instrument and cannot be acted upon or affected by it. Section 96 is a declaration of the general principle stated by us and has not relevancy to the rule which is an exception to it.

Our conclusion is in harmony with judicial decisions of other states. (*Perry Savings Bank* v. *Fitzgerald,* 167 Iowa, 446; *Eskridge* v. *Thomas,* 91 S. E. Rep. 7; *Lawson* v. *First National Bank of Fulton,* 102 S. W. Rep. 324;

*Alexander & Co.* v. *Hazelrigg,* 123 Ky. 677; *Citizens' Bank* v. *Crittenden Record-Press,* 150 Ky. 634; *Twentieth Street Bank* v. *Jacobs,* 74 W. Va. 525.)

The judgment should be affirmed, with costs.

HISCOCK, Ch. J., CUDDEBACK, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.

Judgment affirmed.