EMIL LARSCHEN, Respondent, *v.* ISADORE LANTZES, Appellant.

(Supreme Court, Appellate Term, First Department, April Term — Filed June, 1921.)

**Negotiable instruments — check given for gambling debt void — Penal Law, § 993.**

> A check given in payment of a gambling debt is utterly void under section 993 of the Penal Law, and a judgment rendered in an action thereon in favor of a holder in due course will be reversed and the complaint dismissed, but with leave to appeal.

APPEAL by defendant from judgment of the Municipal Court of the city of New York, borough of Manhattan, sixth district, in favor of plaintiff.

Paul Rude, for appellant.

No appearance for respondent,

GUY, J.   In this action against maker of check given to pay sixty dollars lost in playing at cards, the evidence authorized the finding that the plaintiff is a holder in due course, and the court awarded him a recovery.

The undisputed evidence of both the maker and the payee of the check is that the check was given in payment of a gambling debt.

Appellant contends that as our statute makes a check given to pay a gambling debt void, a recovery, even in a suit by a holder in due course, is not warranted.

By the provisions of the Penal Law all wagers, bets, or stakes, made to depend upon any race, or upon any gaming by lot or chance, or upon any lot, chance, casualty, or unknown or contingent event whatever, are declared unlawful (§ 991); all contracts for or on account of any money or property or thing in action so wagered, bet or staked, are void (§ 992); and " all things in action, judgments, mortgages, conveyances, and every other security whatsoever, given or executed, by any person, where the whole or any part of the consideration of the same shall be for any money or other valuable thing won by playing at any game whatsoever   *   *   *   shall be utterly void." § 993.

Although I find no prior adjudication in this state making an instrument given in payment of a gambling debt void in the hands of a holder in due course, in view of the decision of the Court of Appeals in *Sabine* v. *Paine,* 223 N. Y. 401, that our statute declaring usurious instruments void is not repealed expressly or by implication by the Negotiable Instruments Law, so that a note void in its inception for usury is void in the hands of an innocent holder for value, the conclusion seems inevitable that the same rule applies to instruments or " things in action " which by another

statute are declared to be " utterly void." As the court said in the case cited (223 N. Y. 404) : "An instrument which a statute, expressly or through necessary implication, declares void, strictly speaking, is a *simulacrum* only. It is without legal efficacy. It cannot obligate a party or support a right." Or as the judge writing the opinion of the court in the *Sabine* case says in a subsequent case (*Lipedes* v. *Liverpool & L. & G. Ins. Co.,* 229 N. Y. 201, 209), " it is a general rule of interpretation that contracts declared in terms void by statute because interdicted by law or by public policy are, in the correct and true meaning of the word, void."

Among the cases cited by our Court of Appeals in support of its decision in the *Sabine* case, is *Alexander & Co.* v. *Hazelrigg,* 123 Ky. 677, wherein the Court of Appeals of Kentucky held that the statute of that state making gaming contracts void, prevented a recovery by an innocent holder against the maker of a note given in payment of a bet or wager upon the result of a horse race. A number of other cases decided in accordance with local statutes in different states are referred to by Williston in his work on Contracts (Vol. 3, § 1676, note), although the text writer states that " The tendency of the modern law in regard to instruments illegal because based on a gambling consideration is to protect the holder in due course."

It follows that the judgment must be reversed, with thirty dollars costs and the complaint dismissed, with costs, with leave to respondent to appeal to the Appellate Division, first department.

WHITAKER, J., concurs.

Judgment reversed, with thirty dollars costs.