[L. A. No. 10156. In Bank.—March 29, 1932.]

COMMUNITY LUMBER COMPANY OF BALDWIN PARK (a Corporation) et al., Appellants, v. W. H. CHUTE et al., Respondents (and Consolidated Cases).

Zach Lamar Cobb, James B. Ogg, Earl A. Littlejohns, Mitchell, Silberberg & Davis, Hulme, Hastings & Bartlett and Musick, Burr & Pinney for Appellants.

Nathan Newby, Newby & Newby, Dee Holder and Holbrook, Taylor, Tarr & Horton, *Amici Curiae* on Behalf of Appellants.

Bush & Bush, Harry W. Hanson, Horace P. Babson, J. H. Van Law, A. G. MacRobie, Clarence E. Fleming, Fredericks

& Hanna, M. W. Conkling, Arthur L. Veitch and Eli F. Bush for Respondents.

Woodruff, Musick & Hartke and Laurence B. Martin, *Amici Curiae* on Behalf of Respondents.

PRESTON, J.—Five actions to foreclose mechanics' and materialmen's liens on certain real property in Los Angeles, consolidated for trial and judgment.

The parity, verity and amount of the claims are not in dispute; neither is the efficacy of the liens securing them. The sole question is one of priority as between the lien claimants and the holders of three sets of promissory notes secured by three deeds of trust upon the property, with the collateral question as to the true amount due, if it be found that the first deed of trust is entitled to priority.

The court below gave the lien claimants a third place, that is, a place between the second and third deeds of trust. Before taking up the discussion of the legal issues involved, we forecast that we shall be led to place plaintiffs, as to a large portion of their claims, between the first and second deeds of trust and as to the remainder thereof, if any, where the court below placed them; and we shall also find that the amount secured by the first deed of trust should be scaled down below the amount found to be due thereon by the trial court.

The facts are: One Keeney, prior to June 1, 1925, owned the real property in question, same being vacant property. On said day one Chute, desiring to build a one-story masonry factory thereon, took a deed from Keeney. Chute and his wife, to secure the full purchase price of $5,000 for said property, executed a promissory note, secured by a deed of trust, which is deed of trust number two involved in this proceeding. This lien was agreed to be second and subsequent to a deed of trust securing a promissory note for $15,000 which was to be used in the construction of a building on said lot.

Simultaneously with this transaction Chute entered into a construction agreement with the defendant Union Engineering Company, under which said company was to become the agent of the owner in the construction of said building and was to handle and spend all sums provided for that

purpose. Accordingly, Chute executed promissory notes to said corporation and secured them by deeds of trust upon said property. The first note was for $15,000 and the second set of notes aggregated $17,000. The first note was secured by the deed of trust which was to be and would become a first lien upon the property. The second set of notes was secured by a deed of trust which was to become a third lien on the property. Thus we have set forth the three deeds of trust in question.

The engineering company was to take these notes so issued to it and provide funds therefrom and cause the contemplated building to be erected, which it immediately proceeded with more or less sincerity to do. It procured plaintiffs to supply certain materials and perform certain labor involved in the various claims of lien. However, it did not attempt to cash the $15,000 note secured by the first lien but instead entered into negotiations with the Western Discount Corporation, which acted in part through a go-between, one Jones. The result was that on June 25, 1925, a note for $6,500, due in ninety days, interest eight per cent per annum, was made out to Jones, a nominal payee, and to secure it an assignment of the Chute note and deed of trust was made. These several instruments were transferred to the Western Discount Corporation immediately. On August 4th following a second note was made out direct to the Western Discount Corporation for the sum of $1,000, due in thirty days, interest eight per cent, and this too was to be secured by the above enumerated collateral. Both of these transactions were without question loans by the discount corporation to the engineering company, as Jones put up no money and was the employee or agent of one or both of the other parties.

The building was completed September 25th, following which plaintiffs filed the various lien claims here involved and later these suits were entered. The cause was tried and, as above noted, said claims were established. The court directed the trustee under the several deeds of trust to sell the property and from the fund so arising it directed payments in the following order: 1st—the two notes to the discount corporation, but striking therefrom the bonus features, $500 out of the first note and $50 out of the second, making the items $6,000 and $950, respectively, with interest

at eight per cent and also allowing costs to the trustee of $670.30, attorneys' fees $1200, and to the discount corporation the further sum of $609 for insurance and taxes. 2d— The claim of Keeney for $5,000 with interest at eight per cent from June 12, 1925. 3d—The claim of plaintiffs. 4th—It gave personal judgment for plaintiffs against the engineering company and the Estate of Chute.

The note for $6,500 was made up of cash $4,500, discount $500 and a block of stock of the discount corporation of the par value of $1500. The note bore interest at the rate of eight per cent per annum. The second note represented cash $950 and a bonus of $50. These notes were both palpably usurious due to the $500 and $50 bonuses respectively and the additional interest. The court disallowed both these items but it did not find that the contract to pay interest was null and void under the express provision of section 2 of the Usury Act. (Stats. 1919, p. lxxxiii; *Haines* v. *Commercial Mortgage Co.*, 200 Cal. 609 [53 A. L. R. 725, 254 Pac. 956, 255 Pac. 805].) The items should stand, therefore, merely as $4,500 and $950, respectively, without interest at any rate for any period. The stock item of $1500 represents a sale of its treasury stock by the discount corporation to the engineering company.

The evidence shows that the discount corporation knew of the terms and conditions of the first deed of trust; that it was for the erection of a building and that it was negotiated for that purpose. It knew also that the engineering corporation had not paid a cent for it and should have known, if it in fact did not know, that the engineering company had no right to purchase stock with this item of security. We think the discount corporation should be estopped to claim the amount of this sale of its stock as a preference over plaintiffs' claims. Hence the only two amounts in these two items that are ahead of the claims of plaintiffs are $4,500 and $950, except the items of costs and attorneys' fees, and also taxes. These latter items we think should be re-examined upon a new trial of the action. The failure of the court below to allow plaintiffs to show that said transfer of stock was in violation of the terms of the permit from the corporation commissioner was also error.

This brings us to the Keeney claim of $5,000. Keeney, in his deed of trust, consented that his claim be sub-

ordinated to the claim of the first lien. The court found likewise that such was the fact. Indeed, he admitted when testifying that he knew the first lien note should be used in erecting the building in question here. The engineering company should have acted diligently and secured the proceeds of said first lien note and should have used them to pay the claims of plaintiffs. Instead it indorsed the note without recourse, bought stock in the discount corporation and otherwise failed in the execution of the trust it assumed from the owner, Chute. We know of no rule of equity that will prevent plaintiffs from being subrogated to every right the engineering company has to reduce to cash this first lien note. Equity will intervene to protect these claimants to the extent of securing to them what the engineering company should have paid them from the security. (*Smith* v. *Anglo California Tr. Co.*, 205 Cal. 496 [271 Pac. 898] ; *W. P. Fuller & Co.* v. *McClure*, 48 Cal. App. 185 [191 Pac. 1029].) We therefore hold that any sums remaining out of said note after satisfying the legitimate demands of the discount corporation, as above outlined, shall be used ratably for the discharge of plaintiffs' demands. If this fund be insufficient, as doubtless it will be, the balance due shall be next in priority after the payment of the demand of said Keeney.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with these views.

Curtis, J., Shenk, J., Waste, C. J., and Seawell, J., concurred.