[L. A. No. 13715. In Bank.—April 16, 1934.]

CLAUDE H. BROWN et al., Appellants, v. GUARANTY MORTGAGE COMPANY OF CALIFORNIA et al., Respondents.

[L. A. No. 13716. In Bank.—April 16, 1934.]

FIDELITY SAVINGS AND LOAN ASSOCIATION (a Corporation), Respondent, v. CLAUDE H. BROWN et al., Appellants.

Newby & Newby and Dee Holder for Appellants.

Arthur F. Coe, John L. Mace, Woodruff, Burr & Smith, and Woodruff, Musick & Hartke, for Respondents.

SHENK, J.—The appeals by the appellants Brown are from judgments in the consolidated cases above entitled and are presented on one record.

The appellants Brown in 1923 applied to Guaranty Mortgage Company of California for and received a loan, the proceeds of which were used in completing the construction of a certain building. Two notes were given to evidence the loan, one for $90,000 and the other for $95,000, each payable to the Guaranty Mortgage Company and bearing interest at seven per cent per annum. The notes were negotiable in form. To secure payment of the note for $90,000 the makers executed a first mortgage on said property and to secure the $95,000 note a deed of trust on the same property was executed. The Fidelity Savings and Loan Association became the owner and holder of the $90,000 note before its maturity. Certain payments on account of the interest on that note were made by the makers, but nothing was paid on the principal. The Fidelity Savings and Loan Association brought an action to foreclose the mortgage. The Browns, the makers of the notes, commenced an action against the lender, Guaranty Mortgage Company of California, the Fidelity Savings and Loan Association, and others to have it declared that said loan transaction was usurious, for an injunction preventing the defendants from proceeding with foreclosure proceedings, and for other relief. The basis for the charge of usury was the claim that the defendant Guaranty Mortgage Company deducted and retained from the proceeds of said $90,000 note the sum of $36,867 as a bonus for making said loan of $185,000. Upon issue joined the cases were consolidated and tried together. The trial court found that the transaction between the plaintiffs

Brown and the Guaranty Mortgage Company was usurious. It also found that the Fidelity Savings and Loan Association and certain other defendants were purchasers of said notes for value before maturity and without notice or knowledge of the usurious character of the transaction between the makers and the lender. The court rendered judgment for the plaintiff Fidelity Savings and Loan Association in the foreclosure action. It denied to the plaintiffs Brown in their action for an injunction any relief as against the Fidelity Savings and Loan Association or the other defendants who were found to have been *bona fide* purchasers from the Guaranty Mortgage Company. The Browns have prosecuted appeals from both judgments.

No contention is made that the evidence does not support the finding that the purchasers gave value and had no notice or knowledge of the usurious nature of the transaction. The only contention of the appellants is that under the provisions of the Usury Law an agreement to pay interest in violation of the act is void and that this invalidity continues throughout the existence of the agreement into whosoever hands it might come. The appellants rely on cases such as *Sabine* v. *Paine,* 223 N. Y. 401 [119 N. E. 849, 5 A. L R. 1444], which have been distinguished in the case of *Baker* v. *Butcher,* 106 Cal. App. 358, 366, 367 [289 Pac. 236], wherein a similar question was involved and a judgment similar to the one in the case at bar was affirmed. The appellants question the authority of that case inasmuch as the court there relied upon the case of *Community Lumber Co.* v. *Chute,* (Cal. App.) 284 Pac. 466, in which a petition for rehearing was granted and the case as finally decided (*Community Lumber Co.* v. *Chute,* 215 Cal. 268 [10 Pac. (2d) 57]), did not determine the immediate question involved. More recently, however, the case of *Connon* v. *Goebel,* 217 Cal. 399 [18 Pac. (2d) 931], of necessity recognized the force of the distinction made in the case of *Baker* v. *Butcher, supra.* The Connon case has settled the question in this state at least to the extent that a negotiable promissory note, which does not show its usurious nature on its face, is enforceable in the hands of a *bona fide* holder who became such before maturity, even though the contract was usurious in its inception.

The effect of the decisions in this state renders it unnecessary to discuss or decide the question whether the makers' "waiver of offset statement" involved herein could have the effect of creating as against them an estoppel to claim the note or any part thereof void.

The judgments are affirmed.

Thompson, J., Curtis, J., Langdon, J., Preston, J., and Waste, C. J., concurred.

Rehearing denied.