MAX BURSTEIN, Plaintiff, *v.* WILLIAM BRAMBIR and Another, Defendants.*

City Court of New York, Special Term, Bronx County, November 5, 1935.

---

* Affd., App. Term, 1st Dept., N. Y. L. J. Feb. 1, 1936, p. 590.

*Max Perlman* for the plaintiff.

*Samuel Lesser*, for the defendants.

DONNELLY, J. On November 28, 1928, defendants, for the purpose of securing the repayment to Ida Burstein of the sum of $5,000 and interest, executed and delivered to her a bond for that amount, accompanied by a third mortgage on certain real property owned by said defendants, payable in installments of $200 monthly until November 28, 1930, when the entire unpaid principal became due and payable. As further security for the repayment of the loan, the defendants simultaneously with the execution and delivery of the bond and mortgage assigned to said Ida Burstein a life insurance policy issued by the Metropolitan Life Insurance Company insuring the life of the defendant William Brambir with the defendant Hilda Brambir as a beneficiary.

At the maturity of the said bond and mortgage, and in November, 1930, an extension agreement was entered into among the parties aforesaid extending the time of payment of the said bond and mortgage upon which there was then due and unpaid a balance of $2,500 and reducing the payments to $100 monthly until paid.

In January, 1931, the said Ida Burstein assigned the bond and mortgage to the plaintiff herein.

After the execution of the extension agreement defendants under and pursuant to the terms thereof paid to plaintiff the monthly payments for thirteen consecutive months reducing the bond and mortgage to $1,200, for which balance this action is brought.

It is admitted by the defendant that the interest on the first mortgage for six months, interest on the second mortgage for a like period and taxes for the first half of 1935 are unpaid. It is also admitted that the defendants have not paid the interest on the unpaid balance which became due on the 1st days of July, August and September, 1935, in accordance with the terms of the bond and mortgage and extension agreement executed by them.

In their answer, paragraph 1, the defendants admit " that they signed certain papers, but [they] do not admit the legal tenor and effect thereof as pleaded in the complaint, but leave the effect and meaning thereof to be determined by the court."

In their second defense the defendants admit the execution of the bond and mortgage in question by pleading the defense of usury. Plaintiff's motion to strike out paragraph 1 of the answer is granted. The qualified denials pleaded therein must be dismissed as sham and frivolous.

For a separate and distinct defense and by way of setoff and counterclaim the defendants set forth in paragraphs 5, 6, 7 and 8

of the answer that the fair and reasonable market value of the mortgaged property mentioned and described in the complaint, less the amount owing on prior liens and incumbrances, is considerably in excess of the amount sought to be recovered in this action; that such market value, less the amounts owing on prior liens and incumbrances, should be set off against the indebtedness of the defendants, and that by reason of the foregoing circumstances plaintiff cannot maintain the present action against the defendants in which he seeks a money judgment in the amount of said indebtedness. It is conceded that the allegations thus summarized do not constitute a counterclaim and that the use of the word " counterclaim " was purely an error on the part of the pleader. It must be held that the allegations set forth no defense.

Having admitted non-payment of the interest on the bond and mortgage and non-payment of taxes for the first half of 1935, defendants may not avail themselves of the statute upon which this part of their defense is based (Mortgage Moratorium Act, Laws of 1933, chap. 793, Ex. Sess.).

The provisions of the Mortgage Moratorium Act are of no avail to defendants for an additional reason. Besides the bond and mortgage the defendants assigned to Ida Burstein as security for their indebtedness to her, the life insurance policy hereinabove mentioned. The real estate mortgage not being the " sole " security for the debt, the statute does not apply. (*Manufacturers Nat. Bank of Troy* v. *Toole*, 242 App. Div. 893.) That part of plaintiff's motion in which he asks to have stricken out paragraphs 5, 6, 7 and 8 is likewise granted.

The rest of plaintiff's motion, in which he seeks to have stricken out the defendants' defense of usury, is denied. In the answer it is set forth, in substance, that the transaction between plaintiff's assignor and defendants was void from its inception. By section 373 of the General Business Law contracts which provide for an interest rate in excess of the legal rate of six per cent are void. A written instrument, such as a bond or a note, void in its inception for usury continues void forever, whatever its subsequent history may be. It is as void in the hands of an innocent purchaser for value as it was in the hands of those who made the usurious contract. (*Sabine* v. *Paine*, 223 N. Y. 401, 404.)

Plaintiff's motion to strike out paragraph 1 of the answer, and to strike out the counterclaim of the defendants alleged in paragraphs 5, 6, 7 and 8 of the answer, is granted; in all other respects plaintiff's motion is denied. Leave is given to defendants to plead over within five days after service of a copy of the order entered hereon.