[Civ. No. 10932.   Second Appellate District, Division Two.—April 28, 1936.]

MORTGAGE GUARANTEE COMPANY (a Corporation), Appellant, v. HAMMOND LUMBER COMPANY (a Corporation) et al., Defendants; F. H. WISE et al., Respondents.

Alvan M. Palmer for Appellant.

H. E. Gleason, Black, Hammack & McWilliams and Joseph T. Enright for Respondents.

CRAIL, P. J.—The plaintiff, as beneficiary under a trust deed, brought an equitable action to quiet title against the defendants, who were mechanic's lien claimants and one of them the holder of an attachment lien. The defendants on their part filed cross-complaints against the plaintiff and against each other. It is not necessary to set forth the pleadings at greater length for the reason that no contention is made on appeal with regard to them.

The trial court after a painstaking trial found as follows:

The plaintiff is the beneficiary under a trust deed covering certain property in Los Angeles executed by Fair Park Court, Inc., Ltd., hereinafter called the borrower, on December 23, 1929, to secure a note in the sum of $25,000. The borrower on February 22, 1930, entered into a contract with Denman Company for the construction of a building upon the property, and notice of completion thereof was recorded on June 30, 1930. On February 20, 1930, the borrower and Denman Company entered into a contract with defendant Woodstock

Materials Company whereby said company was to furnish materials to be used in the construction of said building, and under which Woodstock actually furnished said materials of the reasonable value of the sums hereinafter stated. The agreement between said defendants further provided that if the materials were not paid for when due the borrower and Denman Company would withhold sufficient moneys for the payment in full from the last $5,000 payment which was to be made by the plaintiff out of the $25,000 upon notice of completion being filed on said job. Woodstock Materials Company on July 30, 1930, duly filed its claim of lien for the materials in the sum of $2,440.56, and thereafter obtained judgment against the borrower for said sum and established its lien upon the property. Similar findings were had with regard to F. H. Wise, another mechanic's lien claimant, and Metz Products Company, which company thereafter assigned its claim to F. H. Wise, the total lien of Wise being for $1658.15.

At the time the borrower applied for the said loan an agreement was made between the plaintiff and the borrower under the terms of which it was provided that the borrower would at the option of the plaintiff furnish a lien-and-completion bond, the condition of which would be that the borrower would fully complete the building free and clear of all claims of mechanics' liens. The borrower on its part agreed that it would use the entire proceeds of said loan in payment of the construction and completion of the building and for no other purpose, and that at the option of the plaintiff any portion of the proceeds of the loan might at any time be paid by the plaintiff to the bonding company, which would furnish the lien-and-completion bond, as a trust fund for the purpose aforesaid. The agreement also provided that the proceeds of the loan would be advanced to the borrower from time to time as the work progressed in such amounts as the appraiser for the plaintiff might recommend, and that one-fifth of the total sum might be retained by the plaintiff until the building had been completed and time for filing mechanics' liens had elapsed, and thereupon if no mechanics' liens had been filed, the same should be paid to the borrower or its order, but in the event that any such mechanics' liens should be filed, the plaintiff should be authorized to apply any part of said sum in payment of such liens or at its option

it might credit such retained sum upon any indebtedness which the borrower owed the plaintiff.

The building was completed on June 27, 1930, and on August 4, 1930, Wise served notice in writing upon the plaintiff that he had furnished the material above referred to and had not been paid and that the unpaid balance amounted to $1655.90, and demanded that the plaintiff refrain from paying out to any other party and to hold for said Wise any balance in its hands which it had not paid out on said loan in a sum sufficient to pay his claim. On said date the plaintiff had not paid out or expended the last $5,000 of said building loan. A similar notice was given by Woodstock on August 8, 1930. The latter's claim was in the sum of $2,439.06.

At the time the material men entered into their agreements with the borrower the borrower owned no other property of any kind or description and had no other means or way of paying for the labor or material to be used in the construction of said building except the money obtained from the plaintiff. These facts were known by the material men and they relied upon said funds to be advanced on said loan by the plaintiff as a means and source from which they should receive compensation for labor and material to be furnished by them, and they were so informed by the borrower (not the plaintiff), and if they had not been so informed and had not so believed, they would not have extended credit for their materials.

At the time the agreement was made by the plaintiff and the borrower for said building loan, the Commercial Casualty Insurance Company, one of the defendants, executed its lien-and-completion bond in favor of the plaintiff on behalf of the borrower, wherein said bonding company guaranteed the construction and completion of the building.

On the date the note and trust deed were executed the plaintiff retained and appropriated as a bonus to itself for making said loan, for interest, title fees and other legal purposes, the sum of $2,000. Between that date and August 15, 1930, the plaintiff paid out and advanced for the purpose of constructing said building an additional $18,000. Between the latter date and August 21, 1930, the plaintiff paid out for the purpose of constructing said building the sum of $3,917.60. On August 22, 1930, the plaintiff retained and

appropriated to itself out of said funds for interest on said promissory note $447.12, and on November 18, 1930, the plaintiff deposited with the bonding company the remainder of said fund in the sum of $635.28 in accordance with the terms of the agreement by the borrower and the plaintiff as a trust fund for the purpose of paying for the construction of said building.

As early as December 31, 1929, the borrower executed an instrument in writing assigning and conveying to the bonding company all its right, title and interest to all the cash-deferred payments to be made under the terms of said loan to be held by said bonding company in trust as a trust fund for the purpose of constructing said building. (End of findings.)

It is not necessary for the purposes of this appeal to set forth findings with regard to the interests of Bank of America National Trust and Savings Association or I. W. Fuquay, as receiver, or the Hammond Lumber Company.

From the findings set forth the court concluded that the plaintiff was entitled to a first lien on the property in the sum of $18,000; that defendants Wise and Woodstock were entitled to second liens for the respective sums due them; that the plaintiff had a third lien for the sum of $7,000; that the other mechanic's lien claimants had a fourth lien for the respective sums due them; and that other defendants, not herein necessary to specify, had liens inferior to all of the above. Judgment was entered against the bonding company in favor of defendant Wise for $261.75, and in favor of Woodstock for $420.63; judgment was entered against the plaintiff in favor of Wise for the remainder of his claim totaling $1255.70, and judgment was entered against the plaintiff in favor of Woodstock for the balance of its claim totaling $2,019.93. The appeal is taken from the judgment.

The plaintiff's first contention is that the court erred in admitting hearsay testimony and its second that the court erred in excluding certain testimony offered by the plaintiff. There is no merit in either of these contentions. The so-called hearsay testimony was not hearsay testimony. The evidence was not admitted as proof of the facts therein contained, but for the purpose of bringing home notice of information to one of the parties. The evidence which the plaintiff claims the court erroneously excluded was admitted

elsewhere. We have read the record and we observe therefrom the use of experience on the part of the trial judge gained by long years of trial work.

■ Plaintiff's next contention is that the court erred "in finding that it was not true that Fairpark Court or Denman failed to complete the building in accordance with the loan contract". If this finding is to be construed as meaning what plaintiff contends it means, i. e., that there were no mechanics' liens, then it is in conflict with the other findings. Plaintiff says: "The existence of this litigation over mechanic's liens is sufficient evidence of the complete disregard of this finding for the facts of the case and no further comment seems necessary." The conflict is easily reconciled. The import of the finding as we understand it is that the building was completed "in accordance with the terms of [the plans and specifications attached to] the loan contract". There is no reversible error in this obvious inadvertence.

Plaintiff next contends that the trial court erred in its conclusion that appellant's trust deed was only a lien for $18,000 and that the defendants had second liens which were superior to the remaining $7,000 of the trust deed. By stipulation of the plaintiff, however, this contention has become merely a moot question for the reason that since the appeal was taken the property has been sold at foreclosure sale for less than $18,000.

■ The final contention of the plaintiff is that it was error to grant the money judgment against the plaintiff in favor of defendant Wise and defendant Woodstock. These money judgments, if sustained, would compel the plaintiff to pay out an additional sum of $3,275.63 over and above the $25,000 contracted for and actually paid out. We have set out the findings in condensed form above. There was no privity of contract between the plaintiff and the two defendants in whose favor these judgments were entered. The judgments, if sustained at all, must be upon the theory of an equitable lien. In this behalf the defendants rely upon *Smith* v. *Anglo-California Trust Co.*, 205 Cal. 496 [271 Pac. 898]; *Community Lumber Co.* v. *Chute*, 215 Cal. 268 [10 Pac. (2d) 57]; *Community Lumber Co.* v. *California Publishing Co.*, 215 Cal. 274 [10 Pac. (2d) 60]; *Pacific Ready Cut Homes* v. *Title Insurance & Trust Co.*, 216 Cal. 447 [14 Pac. (2d) 510]; *San Mateo Planing Mill Co.* v. *Davenport Realty*

*Co.,* 218 Cal. 702 [24 Pac. (2d) 787] ; *L. W. Blinn Lumber Co.* v. *Pioneer Drainage District,* 50 Cal. App. 364 [195 Pac. 750]. But the foundational theory of liens in these cases is equity and good conscience, and the object is to prevent unconscionable and inequitable assertion of rights resulting in unjust enrichment.

In this case the last $5,000 which was advanced after the stop notices were given admittedly and uncontradictedly was paid out in the completion of the building, unless it be the item for interest accruing during the construction period. There is no finding and no substantial evidence upon which to find that such items of interest are not a legitimate and ordinary part of the costs of construction.

Furthermore, the money was paid out upon instructions from the bonding company, which company had an assignment of the funds given long prior to the notices of defendants. At the beginning of the transaction, long before the defendants had furnished any material, or had any lien, the bonding company had given its lien-and-completion bond. At that time and while the parties had a right to do as they did, the assignment of the funds was made to the bonding company as a part of the consideration for issuing its bond and to protect it. The assignment was made to the bonding company in trust as a trust fund for the purpose of constructing said building. The personal judgment, however, is against the plaintiff and not against the bonding company, except as to the small sum of $682.38, which latter sum is not contested. The assignment had become final and stop notices could not be effective to protect subsequently accruing rights. (*First Nat. Bank* v. *Perris Irr. Dist.,* 107 Cal. 55, 62 [40 Pac. 45] ; *Miles* v. *Ryan,* 172 Cal. 205, 209 [157 Pac. 5] ; *Southern California Edison Co.* v. *McDonald,* 178 Cal. 386, 390 [173 Pac. 760].) Furthermore, in this case there has been no unjust enrichment. The rule as to equitable liens should not be enlarged and extended so as to be available under the facts of this case.

With regard to the $2,000 which was advanced at the time the contract was entered into, the defendants had no just claim on this sum or any part of it. It was made between the parties long before the defendants had any interest in the transaction. Furthermore, such items were legitimate demands of the plaintiff and such demands have

been recognized as obligatory advancements properly deductible. (*Community Lumber Co.* v. *Chute,* 215 Cal. 268, 273 [10 Pac. (2d) 57].)

For the reasons stated the judgment is affirmed except it is modified by striking therefrom the money judgments against the plaintiff in favor of Wise and Woodstock.

Wood, J., and Gould, J., *pro tem.*, concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 25, 1936.