[Civ. No. 12354. First Dist., Div. Two. June 24, 1943.]

CRESCENT LUMBER COMPANY, INC. (a Corporation), Respondent, v. R. H. BORCHERS, et al., Appellants.

Frank V. Campbell, Robert E. Hayes and Frank L. Custer for Appellants.

Elmer D. Jensen and Robert E. Cassin for Respondent.

SPENCE, J.—Plaintiff filed a complaint entitled "Complaint to Enforce Equitable Lien," naming as defendants Borchers Bros., a copartnership, the members thereof and the said San Jose Abstract and Title Company, hereinafter called the title company. Plaintiff prayed that Borchers Bros. be compelled to pay into court the sum of $402.40; that an equitable lien be declared thereon in favor of mechanic's lien claimants; and that a pro rata participation therein by the mechanic's lien claimants be ordered. The cause was tried upon an agreed statement of facts, which was incorporated into the trial court's findings of fact and conclusions of law. The trial court entered an ordinary money judgment in favor of plaintiff and against defendants in the sum of $144.20. Defendants appeal from said judgment upon the judgment roll.

Plaintiff's complaint and the trial court's judgment were based upon the theory that plaintiff had an "equitable lien" under the authority of *Smith* v. *Anglo-California Trust Co.*, 205 Cal. 496 [271 P. 898]. We are of the view, however, that the agreed statement of facts presents an entirely different situation from that presented in the cited case. The Smith case involved a controversy between the administratrix of the estate of the deceased owner of real property and certain mechanic's lien claimants, whose mechanic's liens had been wiped out by the foreclosure of a second deed of trust, over the unexpended balance of a construction loan, secured by a first deed of trust, which unexpended balance remained in the hands of the lender. The court there stated on page 501 that it had found no authority directly in point governing the rights of

the respective parties. On page 502, it held that the terms of the construction loan agreement gave rise to no trust, express or implied, in' favor of the lien claimants, but it pointed to the special circumstances present and said at page 504, "Smith and the securities company by their conduct may be said to have induced, or contributed to induce, the lien claimants to enhance the value of the real property by their labors and materials, and it would be inequitable and unjust, it seems to us, to permit Smith or his personal representative to withhold, at this time, any part of the fund upon which the lien claimants must surely have relied for reimbursement." It was therefore held, upon the theory of "equitable estoppel" (page 504), that there were "special circumstances warranting the imposition in their (the lien claimants') favor of a charge or lien upon the fund" (page 502) and that the trial court should have directed the securities company to pay into court the unexpended balance of the construction loan fund to be thereafter disbursed pro rata among the lien claimants. (Page 504.)

In the present case the unexpended balance in the construction loan fund at the time the building was completed was $402.40. At about the time of the foreclosure of the second deed of trust, the lender of the construction loan sent the balance of $402.40 to the defendant title company with the authorization "to disburse these funds when you can furnish us with a report showing title free and clear of all liens." It was stipulated that the liens of the mechanic's lien claimants had been "wiped out" by the foreclosure of the second deed of trust. Shortly thereafter and on August 21, 1940, the title company disbursed the entire balance of $402.40 to Borchers Bros., one of the mechanic's lien claimants, in partial payment of its claim of $489.93. The validity of said claim is not questioned. Borchers Bros. gave the title company an indemnity agreement with respect to the payment of said balance. Subsequently plaintiff herein first advised the title company that plaintiff claimed "an equitable lien upon the funds remaining in that certain building and loan account held by" the title company. But at that time there were no "funds remaining" in said account, said funds having been previously expended in their entirety.

It is thus apparent that this is not a controversy between the owner of property and mechanic's lien claimants over an existing balance of a construction loan fund remain-

ing in the hands of the lender. It is essentially a controversy between two mechanics' lien claimants, after the expenditure of the entire construction loan fund, in which one claimant seeks to recover from another a portion of the amount which had been previously expended from the fund in payment of a portion of the claim of the latter. We know of no theory, legal or equitable, upon which such recovery may be predicated. Plaintiff advances no legal theory but relies upon the equitable lien theory enunciated in *Smith* v. *Anglo-California Trust Co.,* 205 Cal. 496 [271 P. 898]. From what has already been said, it is apparent that the facts in that case are clearly distinguishable. Furthermore, as pointed out in a more recent case, the Smith case and similar cases are based upon the proposition that an equitable lien should be imposed under certain circumstances to prevent "unjust enrichment" of one of the parties to the litigation; and it is said that when there is no unjust enrichment, "The rule as to equitable liens should not be enlarged and extended. . . ." (*Mortgage Guar. Co.* v. *Hammond Lumber Co.,* 13 Cal.App.2d 538, 544 [57 P.2d 164].) There is no element of unjust enrichment appearing here and there is no existing balance in any unexpended fund upon which equity may impose a lien. The trial court, in attempting to apply the equitable lien theory of the Smith case, entered an ordinary money judgment against all defendants, including the title company, but we find no theory under the agreed facts upon which plaintiff could be entitled to any relief against any of the defendants. We therefore conclude that the judgment against defendants should be reversed with directions.

The judgment is reversed with directions to the trial court to enter judgment in favor of the defendants.

Nourse, P. J., and Dooling, J. pro tem., concurred.